**INDEMNITY CO. OF AMERICA v. MAHAFFEY. (No. 6560.)**

(Court of Civil Appeals of Texas. San Antonio. May 11, 1921. Rehearing Denied June 8, 1921.)

1. **Appeal and error** ⬥434 — **Execution of agreement by defendant in error operated as appearance in Court of Civil Appeals.**

Execution by defendant in error of an agreement on file among the papers that plaintiff in error could file the transcript and record in the Court of Civil Appeals and file its briefs at any time before a specified date, and that defendant in error might file his briefs at any time prior to two weeks before submission of the cause, operated as an appearance in the Court of Civil Appeals by defendant in error.

2. **Insurance** ⬥637 — **Automobile purchaser's petition seeking to recover on fire and theft policy on car demurrable in not showing assignment of policy to him.**

Petition whereby the purchaser of an automobile sought to recover from an indemnity company which had issued a fire and theft insurance policy on the car eight months prior to the sale, the car having been stolen four days after the sale to plaintiff, *held* subject to general demurrer so far as the indemnity company was concerned, plaintiff purchaser of the car not having been a party to the policy, but a stranger, and it never having been transferred or assigned to him, so far as the petition showed.

Error from Tarrant County Court; W. P. Walker, Judge.

Action by H. L. Mahaffey against the Indemnity Company of America and another. Judgment by default against the Indemnity Company after plaintiff had dismissed as to other party, and defendant Indemnity Company brings error. Reversed and remanded.

Bradley, Burns, Christian & Bradley, of Fort Worth, for plaintiff in error.

C. F. Clark, of Fort Worth, for defendant in error.

SMITH, J. [1] We find among the papers an amicus curiæ "suggestion of certain material fatal errors which are apparent upon the record in" this cause, coupled with a motion to dismiss the writ of error because of such errors. The objections pointed out go to the sufficiency of the citation in error and the officer's return thereon. Two of the objections are untenable, while the others are waived by defendant in error, who signed an agreement, on file among the papers here, that plaintiff in error could file the transcript and record in this court, and file its briefs herein at any time before September 3, 1920, and further agreeing that defendant in error might file his briefs any time prior to two weeks before the submission of the cause. The execution of this agreement operated as an appearance in this court by defendant in error; and the motion to dismiss is accordingly overruled. Stephenson v. Chappell, 12 Tex. Civ. App. 296, 33 S. W. 880, 36 S. W. 482.

[2] Mahaffey, plaintiff below, and defendant in error here, alleged that on February 21, 1919, the indemnity company issued a fire and theft policy in the amount of $300 covering a certain Ford automobile; that thereafter, on October 11, 1919, he purchased the car from the then owner; that four days later, on October 15, 1919, the car was stolen and has not been recovered; that when he purchased the car the indemnity policy was in the possession of the Guaranty State Bank of Fort Worth, and that he instructed the bank to have the policy transferred to him, which the bank agreed to do "and led the plaintiff to believe that the * * * bank would have and cause said policy to be transferred to * * * plaintiff, and that plaintiff did believe that the * * * bank would and did have the said policy transferred to said plaintiff"; that if the bank failed to have the policy so transferred, and thereby relieved the indemnity company of liability on the policy, "then and in that event the plaintiff has been damaged by the negligence of the" bank in the sum of $300.

The bank appeared and answered, but the indemnity company made no appearance, whereupon Mahaffey dismissed the bank from the action, and took a default judgment against the indemnity company for the amount of the policy, and the company brings that judgment here by writ of error.

The petition of the plaintiff below discloses: That at the time the indemnity policy was issued the car did not belong to Mahaffey, but was the property of a third party; that the policy was not issued to Mahaffey, but to a third party; that after the policy

had been in force about eight months Mahaffey bought the car, which was stolen from him four days later; that at the time Mahaffey purchased the car the indemnity policy was in the possession of the Fort Worth bank, and that Mahaffey instructed the bank to have the policy transferred to him; but that plaintiff cannot allege that the policy was ever so transferred to him.

The petition, in our opinion, was subject to a general demurrer so far as the indemnity company was concerned, and accordingly will not support a judgment by default against that company. If the indemnity company was liable to Mahaffey, it could have been so only by reason of the insurance contract or policy. That contract was made originally with a third party, a stranger to this litigation. It was not made with Mahaffey. He was not a party, but was a stranger to it. It was never transferred or assigned to him, so far as the petition shows, and no contract or privity of contract between the company and himself was alleged, and accordingly no case was made by his petition.

The judgment is reversed, and the cause remanded.

