ANGELRODT & BARTH, Respondents, v. DELAWARE MUTUAL INSURANCE COMPANY, Appellant.

1. A policy of insurance was issued in the sum of $5,000 upon merchandise held on trust and commission, which provided that in case of plurality of insurance the company should be liable for such proportion of the loss to the subject insured as the amount insured by the company should bear to the whole amount insured thereon. The insured also held another policy in the sum of $4,000 on merchandise held on trust and commission, and also on merchandise held *on storage*. A loss happened to the amount of $9,157.75, of which $7,470.75 was merchandise held on commission and $1,687 held on storage. *Held*, that as the insured was to be made whole as far as the amount insured upon the subject of loss would avail, that the value of merchandise held on storage should be deducted from the amount insured in the second policy on goods held on commission and storage, to determine the whole amount insured upon the subject insured in the first policy, and that defendant must pay the full amount expressed in its policy; the loss exceeding the amount insured in both policies after deducting the merchandise held on storage from the amount expres᾿ d in the second policy.

*Appeal from St. Louis Court of Common Pleas.*

The facts appear in the opinion of the court.

*Bell* for appellant.

I. The method adopted by the court, on its own motion, for adjusting the loss, was in violation of the terms and conditions of the policy sued upon. By the seventh condition, defendant is only liable for such rateable proportion of the loss on the merchandise insured under its policy as the amount insured by defendant bears to the whole amount insured thereon. Defendant had insured $5,000, while the St. Louis Mutual had insured $4,000 on the identical property covered by defendant's policy, while the St. Louis policy extended further and covered *goods on storage* which were not insured by defendant. The St. Louis Mutual policy did not express the amount it insured on each particular class of goods insured by it, but it was a general insurance of $4,000

on the whole. The damage by fire on the merchandise jointly insured by both companies was $7,470.75, and the damage on the storage goods was $1,687. We contend that the amount of defendant's liability is to be ascer\tained by the proportion, as $9,000, the total amount of insu\red on the property covered by defendant's policy, is to $7,470.75, the total loss on that property, so is $5,000 to the amount due for the loss $4,150.42 by defendant. The rule followed by the court was perfectly arbitrary, and no reason or analogy can be drawn from the law of insurance to support it. The effect of it is, that where various classes of property are insured in one policy, until a loss occurs it is impossible to ascertain the amount insured on each description of property covered. Had there been no loss on the storage goods, the St. Louis Mutual company would have been held as insurers, on the merchandise covered by defendant's polic\y in the sum of $4,000—a co-insurer to the full extent of it\s pol\icy. If the loss had exceeded $9,000 on goods on trust and on commission, the St. Louis company must have paid the whole amount insured by it. The true principle is, that the policy having the widest range must contribute its full proportion to the general loss *first*, and that any remainder left after paying that proportion should be applied to the payment of loss on such goods as are particular to that policy, and not included in the other.

*Knox & Kellogg*, for respondents.

It is admitted in the pleadings, that the loss by fire sustained by the plaintiffs was $9,157.75; that at the time of the loss plaintiffs held a policy for $5,000 issued by defendant, and also a policy for $4,000 issued by the St. Louis Mutual company, which last named policy covered goods on storage which were not covered by the policy of defendant. The pleadings also admit, that, of the above loss, the sum of $1,687 was a loss of goods on storage. How is the loss to be adjusted?

| | | |
|---|---|---|
| Plaintiffs insist, that from - - - | $9,157 | 75 |
| deduct - - - - - - - | 1,687 | 00 |
| Difference - - | $7,470 | 75 |
| Defendant is liable for - - - - - | 5,000 | 00 |
| Difference - - | $2,470 | 75 |
| St. Louis Mutual is liable for the amount of policy, less $1,687 paid for goods on storage, | 2,313 | 00 |
| Loss not covered - | $157 | 75 |

Appellant insists that the loss on goods on storage, $1,687, shall be deducted from whole loss, $9,157.75 ; and that the two policies should contribute to pay the sum of $7,470.75— defendant to pay only $4,150.42, and the St. Louis Mutual to pay $3,320.33.  By this manner of adjustment, the plaintiffs receive only $8,150.42.

The method of adjustment presented by the plaintiffs is adopted in Cincinnati.  (Western Underwriter, vol. 1, No. 1, p. 8, and No. 2, p. 44.)

BATES, Judge, delivered the opinion of the court.

Angelrodt & Barth were insured against loss by fire by the defendant in the sum of five thousand dollars, in merchandise held by them for themselves, and on trust and commission for account of whom it may concern.  They were also insured by the St. Louis Mutual Fire and Marine Insurance Company in the sum of four thousand dollars on merchandise held in a similar manner and also on merchandise held *on storage*, which last was not covered by the policy of the defendant.  Merchandise of plaintiffs was destroyed by fire to the amount of $9,157.75 ; of this sum $7,470.75 was covered by the policy of the defendant, and $1,687 was property held on storage, not covered by the policy of the defendant, but included in that issued by the St. Louis company.

The seventh condition annexed to the policy issued by the defendant to the plaintiffs provided, that, " in all cases of a plurality of insurances on the same subject, this company

shall be liable for such rateable proportion of the loss or damage, happening to the subject insured, as the amount insured by this company shall bear to the whole amount insured thereon." The defendant paid to the plaintiffs the sum of $4,150.42, and this suit was brought to r ... $849.58, the difference between the amount paid and the whole amount insured.

Three plans are proposed for adjusting the loss to be paid by the defendant:

1. The defendant claims that as both policies covered the amount of $7,470.75, each company must pay of that sum the proportion which the amount insured by it bears to the whole amount insured; that is, the whole insurance being $9,000, and the amount insured by the defendant being $5,000, it must pay five ninths of that sum of $7,470.75, which is $4,150.42—the sum which it has paid.

2. The plaintiffs claim that the loss on goods held on storage should be paid in full by the St. Louis company, and the remainder of the sum insured by it together with the whole sum insured by the defendant should be applied to make good the loss on the other goods; that is, the St. Louis Mutual should pay on the goods held on storage $1,687, which would leave, to satisfy the loss of $7,470.75, the sum of $2,313 to be paid by the St. Louis Mutual and $5,000 by the defendant, making a total of $7,313.

3. The court of common pleas, before which the case was tried, rejected both plans, and declared that "the amount for which the defendant is liable on its policy is to be ascertained by adjusting the loss as follows, to wit: First ascertain what amount or proportion of the policy issued by the St. Louis Mutual Fire and Marine Insurance Company covers general merchandise of plaintiffs and goods on commission, which may be done by the following proportion: as $9,157.-75 (the total value of the goods lost) is to $4,000 (amount of policy), so is $7,470.75 (the value of general merchandise and goods on commission) to the value of general merchandise and goods on commission covered by said policy—that

Angelrodt & Barth v. Delaware Mut. Ins. Co.

is, the sum of $3,263.13, which sum is the proportion of the said policy that covers general merchandise and goods on commission; add this last sum to $5,000 (the amount of defendant's policy), and it gives as the total insurance on general merchandise and goods held on commission the sum of $8,263.13. The amount for which defendant is liable on its policy is then to be ascertained by the following proportion: as $8,263.13 (the total amount of insurance on general merchandise and goods on commission) is to $7,470.75 (the total amount of loss on same goods and merchandise), so is $5,000, the amount of defendant's policy, to the amount for which it is liable—to wit, the sum of $4,520.53, from which deduct the amount heretofore paid by the defendant, $4,150.42, leaves a balance of $370.11, from which plaintiffs are entitled to judgment with interest, &c."

The plan adopted by the court of common pleas is undoubtedly the correct mode of adjusting the loss as between the insurers contributing to make it good, and would be proper to apply to this case if thereby the loss sustained by the plaintiffs were made good; but as that is not the case, a different plan must be adopted.

The plaintiffs' loss exceeded $9,000, which was the amount in which they were insured, and that plan of adjustment is to be preferred which will most nearly make good their loss, and thus fulfil the purposes of the insurance. This can be done by adjusting the loss upon the plan claimed to be the correct one by the plaintiffs, if it be in accordance with the contract of the parties.

The policy of the defendant makes it liable for such rateable proportion of the loss as the amount insured by it bears to the whole amount insured on the same subject. The difficulty lies in ascertaining what is the whole amount insured; that is, to ascertain what is the amount insured by the St. Louis Mutual company on the same goods covered by the defendant's policy, that it may be added to the amount insured by the defendant to make up the whole sum insured on those goods. In the absence of anything in the policy of the St.

Louïs Mutual company to indicate what proportion of the $4,000 thereby insured should be applied to goods of the character insured also by the defendant and what proportion thereof to goods held on storage, we are left at liberty so to apportion the sum thus insured as will most effectu... ... justice in carrying out the purposes of the parties i.. ....ter- ing into the contracts for insurance. As before stated, ordinarily the plan adopted by the court of common pleas would be chosen as a convenient one, but that plan is not necessarily the only correct one, and in this instance it fails to do full justice; and we therefore think it better so to apportion the amount to be paid by the St. Louis Mutual company as to apply it first to pay the loss on goods held on storage, by which means the whole amount insured by the defendant becomes payable to the plaintiffs.

We are strengthened in this conclusion by the fact that F. L. Ridgely and George K. McGunnegle, who have ver... ....... experience in the business of underwriting at St. Louis, having been consulted in reference to this case, concurred in recommending the same adjustment.

The judgment of the court of common pleas will be reversed, and judgment entered in this court for the plaintiffs for eight hundred and forty-nine dollars and fifty-eight cents, with interest from the fifth day of February, 1857. The other judges concur.