## Royal Insurance Co. *versus* Roedel *et al.*

1. Three companies insured goods in every part of a building; one of the companies took a second insurance on goods in the third and fourth stories only. There was a loss by fire, which, in the first and second stories, exceeded the amount of the first insurance. The loss in the third and fourth stories exceeded the amount of the second insurance. *Held*, that the second insurance was payable in full, without averaging the loss in the third and fourth stories with the first policies.

2. Merrick *v.* Germania Insurance Co., 4 P. F. Smith 277, criticised; Sloat *v.* Royal Insurance Co., 13 Wright 14, adopted.

1875, January 11th. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Certificate from the Supreme Court at Nisi Prius: Of January Term 1873, No. 146.

This was an amicable action and case stated in which George F. Roedel and William H. Fry, trading as George Roedel & Co. were plaintiffs, and The Royal Insurance Company defendants.

The facts as they appear by the case stated are as follows :—

The plaintiffs occupied a building in Third street, Philadelphia, as shoe dealers and manufacturers. The first and second floors were used as salesrooms and the third and fourth as a factory. They had a large stock of boots, shoes, &c., manufactured and unmanufactured, including materials for the same and machinery, tools, fixtures and sewing-machines.

Insurance had been effected upon this property as follows, to wit :—

Upon the stock in the whole building, including the third and fourth floors.

Policy No. 1,002,742.—The Royal Insurance Co., . $10,000
" No. 1,325,541.—The London, Liverpool and Globe, 5,000
" No. 358,745.—The Franklin Fire Insurance Co., 5,000

Total on stock in the whole building, . . . $20,000

[Royal Insurance Co. *v.* Roedel.]

Upon the stock on the third and fourth floors.
Policy No. 754,553.—The Royal Insurance Co., .          .    $8,000
  Upon the machinery, &c., on the third and fourth floors.
Policy No. 754,553.—The Royal Insurance Co., .          .    $2,000

On the 14th of February 1872, and while all the policies were in force, a loss occurred by fire to the property insured, which was ascertained as follows:

Loss on stock in the salesrooms,          .      .      .      . $29,986.76
  "          "     on the third and fourth floors,     .      .    8,840.73
  "        machinery, &c., on the third and fourth floors     2,500.00

The loss on stock in the salesrooms exceeded the amount of the general policies on stock as follows:—
Loss on stock in salesrooms,      .      .      .      .      . $29,986.76
  General policies on stock.
The Royal Insurance Co., .      .      .      . $10,000
The London, Liverpool and Globe,      .      .    5,000
The Franklin Fire Insurance Co.,      .      .    5,000
                                                            ————— 20,000.00

  Excess of loss,      .      .      .      .      .      . $9,986.76

The loss on stock on the third and fourth floors exceeding the amount on the special policy as follows:—
Loss of stock on the third and fourth floors,      .      . $8,840.73
  Special policy on this stock.
The Royal Insurance Co.,      .      .      .      .      . 8,000.00

  Excess of loss, .      .      .      .      .      .      . $840.73

The loss on the machinery exceeded the amount of insurance by $500.

The policies of The Royal Insurance Company contained the following clauses:—

" In case of the assured holding any other policy, in this or any other company, on the property insured hereby, subject to the conditions of average, this policy shall be subject to average in like manner; and it is also hereby further declared and agreed, that in case there be any insurance in any other office, extending to the property hereby insured, then this company, in case of loss, will only be liable to pay its rateable proportion of the damage ascertained in accordance with the conditions of this policy.

" Persons insuring property at this office must give notice of any other insurance already made, or which shall hereafter be made elsewhere, on the same property on their behalf, and cause a minute or memorandum of such other insurance to be endorsed on their policies, in which case this company shall only be liable to

the payment of a rateable proportion of any loss or damage which may be sustained; and, unless such notice be given, the insured will not be entitled to any benefit under this policy."

The adjustment of the loss, under the specific policy for $8000, on stock on the third and fourth floors, upon the principle claimed by defendants to be correct, is as follows:—

The loss on stock on third and fourth floors was    . $8,840.73

Insurance on stock.

| | | | |
|---|---|---|---|
| The Royal Insurance Co., | . $10,000, | general pays | $3,157.40 |
| The London, Liverpool and Globe, | 5,000, | "       " | 1,578.70 |
| The Franklin Fire Insurance Co., | 5,000, | "       " | 1,578.70 |
| The Royal Insurance Co., | 8,000, | specific  " | 2,525.93 |
| | | | $8,840.73 |

In accordance with this adjustment the defendants have paid on account of the specific policy for $8000 on stock on the third and fourth floors, $2525.93, without prejudice to the plaintiffs' right to claim any further sum which they might be entitled to against the company for loss on stock on the third and fourth floors, by any other method of adjustment which should be judicially determined to be correct. If the three general policies on the stock, to wit, the Royal Insurance Company $10,000, London, Liverpool and Globe $5000, Franklin Fire Insurance Company $5000, do not, under the circumstances, contribute to the loss on stock on the third and fourth floors, then the whole amount of insurance of policy No. 754,553 of The Royal Insurance Company upon that specific stock, to wit, $8000, was due and payable to plaintiffs.

If the court shall be of the opinion that the adjustment, on the principle of contribution, under which the above payment was made by The Royal Insurance Company is correct, and that the lawful claim of the plaintiffs only amounted to the sum paid, then judgment shall be entered for the defendants; otherwise, in favor of the plaintiffs for the sum of $5474.07, with interest from April 1st 1872, or for any other sum not exceeding that amount which, upon a correct adjustment of the loss, the court is of opinion the plaintiffs are entitled to receive.

The contributing clause of The Franklin Fire Insurance Company was:—

"All persons having property insured by this company must, with reasonable diligence, give notice of all additional insurances made in their behalf on the same, whether by this company or by other insurers, and of all changes that may be made in such additional insurances, and cause such notice to be endorsed on their policies—and each company shall be liable to the payment only of a ratable proportion of any loss or damage which may be sus-

[Royal Insurance Co. *v.* Roedel.]

tained—and, unless such notice is given, the insured will not be entitled to recover in case of loss."

The contributing clause of The London, Liverpool and Globe Insurance Company, was :—

" That in all cases of insurance, this company shall be liable for such rateable proportion only of the loss or damage happening to the subject insured as the amount insured by this company shall bear the whole amount insured thereon, without reference to the dates of the different policies, or their invalidity, from want of notice of this or other insurance, or from the violation of any of their conditions, or the insolvency of any or all the other insurance companies."

The judgment was for the plaintiffs on the case stated for $5474.07.

The defendants took a writ and assigned the entry of judgment for the plaintiffs.

*J. V. Darling* and *M. P. Henry*, for plaintiffs in error, cited Merrick *v.* Germania Fire Ins. Co., 4 P. F. Smith 277 ; Ohio *v.* Ins. Co., 5 Ohio 467 ; Phillips on Ins., sect. 366 ; Ogden *v.* East River Ins. Co., 50 New York 388 ; Blake *v.* Exchange M. Ins. Co., 12 Gray 265.

*E. G. Platt* and *S. Dickson*, for defendant in error, cited Sloat *v.* Royal Ins. Co., 13 Wright 14 ; Howard Ins. Co. *v.* Scribner, 5 Hill 298 ; Harris *v.* Ins. Co., 5 Hammond 466.

Judgment was entered in the Supreme Court, January 18th 1875, PER CURIAM.—This case is ruled by that of Sloat *v.* Royal Insurance Co., 13 Wright 14. The loss, in this instance, exceeds the entire insurance in all the policies, general and special. The loss in the first and second stories of the building, which was not covered by the special policy in the subject in the third and fourth stories, largely exceeded the entire amount of the general policies. So the loss in the third and fourth stories exceeded the amount of the special policy, which was confined to the subject in those upper stories. It is clear, therefore, that the general and special policies covered in fact different subjects, and that the loss under each was more than sufficient to exhaust its entire amount. A rule of average which would exempt the general policies from a portion of their peculiar loss below, in order to carry it to the relief of the special policy above, and thus to exonerate each from a portion of a total loss of different subjects, would directly contradict the very spirit and intent of the contract of insurance ; the subjects being different, and the loss upon each being greater than the insurance on each specially applicable to it, it is evident that the average would effectuate no equity it was intended to cover. We do not think Merrick *v.* Ins. Co., 4 P. F. Smith 277, is sufficiently clear on this point to overrule Sloat *v.* Ins. Co., 13 Wright 14.          Judgment affirmed.