AMERICAN CENTRAL INSURANCE COMPANY V.
HEATH & BLACKWELL.

Decided May 21, 1902.

**1.—Fire Insurance—Ownership—Use of Firm Name.**

Where there is no misrepresentation as to the ownership, the mere fact that goods owned by one person are insured in a firm name which he uses and in which he carries on the business will not avoid the policy, and it does not affect the case that the other member of the firm is a clerk in the store.

**2.—Same—Appraisement—Continuance.**

Where the insurance company relied as a defense on failure to make an appraisement, which must have been required within sixty days of loss, and was notified in advance that plaintiff would plead waiver, but made no effort to obtain the testimony of the officer who had seen the demand, it was not entitled to a continuance.

**3.—Same—Appraisement—Waiver.**

A demand for an appraisal comes too late where made six months after the fire and five months after proofs of loss have been received and retained without objection, and the policy required proofs of loss within sixty days, to be accompanied by an award when appraisal had been required.

**4.—Same—Concurrent Insurance.**

Where concurrent insurance is permitted by the policy, it may be on a portion of the property only, and in such case it will not be treated as on the whole property in prorating the loss.

**5.—Same—Method of Computation.**

Where the loss exceeded the whole of the insurance, an insurer could not complain that the court deducted certain concurrent insurance from the total loss and made the sum remaining the basis of liability.

**6.—Evidence—Presumption—Receipt of Letter.**

Positive evidence that a letter was not received rebuts the presumption of its receipt arising from the fact that it was duly mailed.

Appeal from the County Court of Johnson.  Tried below before Hon. W. D. McKay.

*Carden & Carden* and *E. G. Senter,* for appellant.

*Ramsey & Odell* and *Henry, Brown & Patton,* for appellees.

FLY, ASSOCIATE JUSTICE.—Appellees instituted this suit to recover $1000 amount of insurance on a stock of hardware and undertakers' goods destroyed by fire.  There was a verdict and judgment for appellees.

Nine of the thirty-two assignments of error present the question as to the right of appellees to recover, the proof showing that although

the property was insured in the name of Heath & Blackwell and the business was carried on under that firm name, it really belonged to E. N. Heath. There is no merit in the assignments. The property did in reality belong to a firm called Heath & Blackwell, was insured in the name of the firm, and there was no evidence of any misrepresentation as to the ownership of the property. As said by this court in the case of Bonnet v. Insurance Company, 42 Southwestern Reporter, 316: "There is no statute of this State that prohibits the use of firm names which fail to indicate the members of the partnership, and appellant had the right to do business for himself under a firm name, if he so desired, and the right to insure his property in that firm name. His representation that the property belonged to Bonnet Bros. was correct, at the same time that he owned the entire interest in the goods."

This principle would not be altered by the fact that Blackwell was clerking in the store. Heath did not make any representation as to who composed the firm of Heath & Blackwell, and his silence on that point did not mislead appellant. If it was solicitous as to who composed the firm, it should have interrogated Heath, and if he had then made statements contrary to the facts, appellant might have some basis for its contention. The allegation in the petition that the firm was composed of E. N. Heath and N. Blackwell was not evidence of misrepresentation, and the only question the pleading would present would be one of variance between pleading and proof, and that would not be tenable. Insurance Co. v. Heath & Blackwell, 68 S. W. Rep., 305.

The application for a continuance was properly overruled. Appellant relied on a failure to make an appraisement as one of its defenses, and was charged with notice that no appraisement could be required unless a request for one was made within sixty days from the date of notice of loss. Further than that, information was given to it by letter that appellees would plead that an appraisement had been waived by a failure to demand one in time, and yet no effort was made to obtain the testimony of the officer who had seen the demand for an appraisement to appellees before the expiration of the sixty days. There was an utter lack of diligence on the part of appellant, and it was not entitled to a continuance.

The court did not err in refusing to abate the suit and in refusing to grant the demand for an appraisement made on July 25, 1901. The fire occurred on January 21, 1901, and a demand for an appraisement made six months afterward came too late. The notice of loss was received by appellant on February 25th, and no objection was urged to it and no demand for an appraisement was made for more than five months, and then not until after the institution of this suit. The plain implication from the terms of the contract is that the demand for appraisement should have been made within sixty days from the time notice and proofs of loss were received. We have seen but one case, except the one decided by this court above cited, directly in point on the question, and that is Zimeriski v. Insurance Company, 52 North-

western Reporter, 55, in which the Supreme Court of Michigan held that demand for an appraisal made fifty-seven days after proofs of loss had been received was invalid because the appraisal could not have taken place within the sixty days provided for in the policy. It was said by the court: "The company had given no notice that the proofs of loss were not satisfactory for fifty-seven days after the proofs had been furnished. They then served a notice, which comes too late for the plaintiff to make a selection of an appraiser, notify the company, and have the appraisal made, until after the period fixed for the payment of the loss, dating from the furnishing of proofs of loss, had expired. * * * No such delay was within the contemplation of the parties. There is nothing in the record to excuse it." We think this the correct doctrine, and that appellant by failing to demand an appraisement within sixty days from the time it received proofs waived its right to an appraisement. The policy construed by the Michigan court was similar, if not identical, in its terms with that before this court. There was no evidence contradicting the testimony as to the value of the goods introduced by appellees, and the introduction of the testimony as to what appellees were offered for the goods could not have injuriously affected appellant.

An agent of appellant swore that he mailed to appellees on February 27, 1901, a letter in which a demand for an appraisement was made, and it is contended that this fact raised the presumption that they received it. That may be true, but there was evidence to the effect that it was not received, and that destroyed any presumption as to its having been received. Presumptions disappear when confronted with facts.

The court charged all that was necessary as to the presumption of receipt of the letter, and it was not error to refuse the special instruction on the same subject. The charge of the court was not on the weight of the testimony.

Concurrent insurance on the property in a certain sum was permitted, and we think this permission was broad enough to permit additional insurance on a portion of the property as well as on the whole of it, and we do not think that such insurance should have been treated as being on the whole stock in prorating the loss between the insurers. In the case of Bardwell v. Insurance Company, 118 Massachusetts, 465, one company had insured a dwelling and woodshed, household furniture, barn and hay; another had insured the dwelling and shed, and the court said: "The liability of each is determined by the terms of its own contract, and is not modified by anything in the contract of the other which may enable the insured to claim or recover for a larger valuation or amount of loss. If, for instance, the other had been a valued policy, so that the insurers were precluded from disputing the valuation agreed on, and thus were held for the full amount insured, that would not affect the measure of the risk which this company assumed, nor the amount of loss for which it is responsible. As to this company, under the terms of its policy the whole amount of insurable interest at risk is

three-fourths of the actual value of the property as found by the jury. That is the sum to be apportioned, without regard to what may have been agreed on by the contract of the other company, or ascertained by a jury in an action thereof." To the same effect are Cromie v. Insurance Co., 15 B. Mon. (Ky.), 432; Angelrodt v. Insurance Co., 31 Mo., 593; Royan Insurance Co. v. Roedel, 78 Pa., 19.

The loss was shown to exceed the whole of the insurance, and appellant can not complain of the plan adopted by the trial court of deducting the $450 collected on the hardware from the total loss and making the sum remaining the basis of the liability of appellant.

The policy permitted concurrent insurance in the sum of $5000, and the additional insurance on the hardware is embraced in that provision. The policy did not require concurrent insurance on the whole property, and insurance on a part of the property was concurrent insurance.

The other assignments are without merit and need not be discussed. The judgment is affirmed.

*Affirmed.*