### TOM DAVIS v. THE STATE.

No. 9033.  Delivered May 6, 1925.

Reinstated, Delivered October 7, 1925.

Rehearing Denied November 11, 1925.

1.—Possession of Intoxicating Liquor—Defective Recognizance—Cause Dismissed.

The recognizance being defective in failing to describe the offense for which appellant was convicted, on motion of the state the appeal is dismissed, and appellant is granted fifteen days in which to file a new bond or recognizance. See Arts. 903 and 923, C. C. P.

2.—Same—Appeal Reinstated.

A proper recognizance having been filed within the time granted, the appeal is reinstated, and will be considered on its merits.

3.—Same—Evidence—Held Sufficient.

Where appellant was found in possession of a satchel, or suit case containing ten quarts of whisky, his explanation that a strange negro woman had given him the suit case to carry to the depot, and to put in the baggage room for her, did not overcome the prima facie presumption that the whisky was possessed for the purpose of sale. This was a question of fact for the jury to pass upon, and having decided it against him, their verdict cannot be disturbed.

Appeal from the Criminal District Court of Harris county. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*Fuller & Fuller, Bryan, Dyess, Colgin & Suhr,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover. C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of intoxicating liquors for the purpose of sale.

The motion of the State to dismiss the appeal for want of a recognizance describing the offense, as required by Art. 903, C. C. P., must be sustained.

By Art. 923, C. C. P., authority is given this court to extend to the accused the privilege of entering into a new bond or recognizance. If this should be done and a certified copy of the new bond or recognizance, in compliance with the law, be filed in this court within fifteen days from the date of this order, the appeal will be reinstated.

The appeal is dismissed.

*Dismissed.*

MORROW, Presiding Judge.—Possession of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

A proper recognizance having been filed, the dismissal is set aside and the case reinstated.

The appellant, a negro, was in possession of a sachel or suit-case containing ten quarts of whisky. Two additional quarts were on the outside of the satchel at the time of the arrest. The whisky was in a black case setting in the mail-room of the depot where the appellant was employed as porter.

It seems from the testimony that a man about the depot had given a negro named Tom fifteen dollars upon the promise that he would bring him a bottle of whiskey. This man said that the appellant was not the one to whom he had given the money. Upon inquiry by the

officers as to the whereabouts of the satchel in question, the appellant
pointed it out to the officers. However, according to the testimony,
he had previously pointed out another and different satchel, a brown
one. He claimed that the satchel had been handed to him by a
negro woman; that she had requested him to put it in the baggage-
room; that he had undertaken to do so, having suspicion that it con-
tained whisky but no interest in it. According to his testimony, he
told her that he could not put it in the baggage-room at once but
would do so when he got through with the business he then had on
hand. His business related to carrying the mail. The distance be-
tween the mail-room and the baggage-room was about 1,000 feet.
His employment did not permit his going to the baggage-room while
on duty. At the time that the whisky was discovered in his possession,
he made the statement that it had been given to him by a woman for
the purpose stated.

There are no bills of exception, but the appellant insists that there
is no evidence going to show that he possessed the whisky for the
purpose of sale, and that in the absence of such evidence, his declara-
tion at the time explaining his possession would rebut a prima facie
case growing out of his possession of more than a quart of whisky.
In support of this theory several cases are cited, among them being
Largen v. State, Ex rel., Abney, 76 Tex. Rep. 328; American Cent.
Ins. Co. v. Heath, 69 S. W. Rep., 235; also 57 Amer. St. Rep. 120, 85
U. S. 350, 22 Corpus Juris, 24, Jones on Evidence, par., 101.

In view of the evidence in the case, a discussion of the rules ap-
plicable to conflicting presumptions is not deemed either proper or
necessary. The explanation of the appellant of his possession of the
whisky was not so reasonable or consistent with the other evidence in
the case as rendered it incumbent upon the jury to accept it as true.
The woman whom he says gave him the whisky was a traveler;
her testimony was never produced. According to his testimony,
at the time she delivered the whiskey, he told her that he could not
put it in the baggage-room. He and she were strangers. His conduct
at the time he was called upon to point out the satchel in question was
such as to indicate that he wanted to dissemble and pointed out an-
other satchel than the one containing the whisky. The statute made
the possession of more than a quart of whisky prima facie evidence
that it was possessed for the purpose of sale.

The law applicable to the evidence was submitted to the jury in a
charge which, in our judgment, fairly presented the issues. No sug-
gestion that it be amended or supplemented was made by either bill
or exception to the charge or by requested instruction. We are not
prepared to say that the verdict is not supported by the evidence.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's. only complaint is of our upholding the conviction on the facts, it being insisted that when appellant was found in possession of the liquor in question, he made an explanation that the jury should have accepted. We are not in accord with appellant's views. Various circumstances appear in the record which seem to amply justify the jury in rejecting appellant's plea. He was a mail porter at the depot. He carried a suit case and a package each containing bottles of liquor, to the mail station. He placed them in a remote corner of the room. When officers demanded of him to know where the grip or suit-case was, brought by him to said room, he reached under some mail sacks and pulled out a different grip and offered that. It was rejected by the officers. His final explanation of the matter was that a woman had given him a grip and package to carry to the baggage room. It was shown that for him to have gone from the mail car, where his duties called him, via the baggage room on his way back to the mail station, would not have been much out of his way. It was contrary to his duties for him to carry packages and grips for passengers; it was contrary to his duties for him to carry liquor into the mail room. He claimed that while he did not know what was in the grip and package, he thought it was whisky. He did not know the woman who gave him the grip and package but said he had seen her.

The motion for rehearing will be overruled.

*Overruled.*