ST. PAUL FIRE & MARINE INS. CO. v.
CULWELL et al.

No. 907.

Court of Civil Appeals of Texas. Eastland.
Nov. 20, 1931.

Rehearing Denied Jan. 15, 1932.

Cox & Hayden, of Abilene, for appellant.

Smith & Smith, of Anson, for appellees.

LESLIE, J.

Mrs. A. E. Culwell, joined pro forma by her husband, H. E. Culwell, brought this suit against the St. Paul Fire & Marine Insurance Company to recover the amount of two insurance policies on a stock of drugs and fixtures destroyed by fire. The trial was before the court without a jury, and judgment was rendered in favor of the plaintiffs. The defendant appeals. The parties will be referred to as in the trial court. No findings of fact or conclusions of law were requested or filed.

The defendant presented a plea in abatement and answered by general demurrer, general denial, and specially (1) that the unconditional ownership provision of the policy was violated by the plaintiffs; (2) that there

was a change in the title and interest of the insured in the subject-matter of the contract which worked a forfeiture of the same; and (3) that the insured made false statements in the proof of loss forfeiting the insurance.

A disposition of the appeal requires a rather full statement of the nature of the suit and the facts involved. For many years prior to the date of the policies, the Avoca Drug Company had carried on a drug business at Avoca, Tex. During such period its ownership was in different persons. According to the plaintiffs' pleading and testimony, at the time the policies here involved were written, Mrs. A. E. Culwell was the sole owner of the subject-matter of the insurance. The policies were written by the defendant's local agent in favor of H. E. Culwell, the husband, who, according to the pleadings and the testimony, was the agent of Mrs. A. E. Culwell, and her manager in carrying on the business. She seeks to recover on the policies by alleging and establishing the facts that would entitle her to a reformation of the policy on the grounds of mutual mistake, making them payable to or in favor of the Avoca Drug Company, of which she was the sole owner. The right to reformation of such contracts after loss, and recovery direct on the facts establishing such right, is supported by the authorities generally. Ætna Ins. Co. v. Brannon, 99 Tex. 391, 89 S. W. 1057, 2 L. R. A. (N. S.) 548, 13 Ann. Cas. 1020. This is apparently the controlling question in the case.

Plaintiffs' pleadings recognize the fact that the policies as written are in favor of the husband, H. E. Culwell, and seek by reformation of the contract to avoid the effect of the defense based upon the alleged violation of the sole ownership provision in the policies.

■ The defendant's first assignment and proposition complain that the court erred in overruling its general demurrer. The contention is overruled, and reasons therefor will appear in our discussion of propositions 2 and 3. These propositions are presented as pertaining to the same question raised by the first assignment, to wit, "the breach of unconditional ownership clause contained in the policies." Each policy contained the provision that it should be void "if the interest of the insured in the property be other than unconditional and sole ownership." Under the pleadings and the testimony, these propositions are believed to be without merit. They would have application if H. E. Culwell, the husband, was attempting to recover on this state of facts. If he prosecuted a suit as the insured, he would not be able to recover as against the defense setting up the breach of said provision, and the policy would be void for the reasons assigned, and as held in the authorities cited by appellant: National Fire Ins. Co. v. Carter (Tex. Com.

App.) 257 S. W. 531; Niagara Fire Ins. Co. v. Pool (Tex. Civ. App.) 31 S.W.(2d) 850; U. S. Fire Ins. Co. v. Farris (Tex. Civ. App.) 297 S. W. 575; Winfrey v. Girard. F. & M. Ins. Co. (Tex. Sup.) 38 S.W.(2d) 1099.

Such, however, is not the case. Here it is Mrs. Culwell, merely joined pro forma by her husband, who sues. Hence, unless the propositions are valid as against her asserted right of recovery, they should be overruled.

■■ The trial court has held the pleadings and testimony sufficient to warrant the reformation sought and the judgment complained of. Certainly Mrs. Culwell had a right to conduct the drug business under the style and name of the Avoca Drug Company. The defendant's local agent had, for some years prior thereto, written the insurance for the company, and had written such policies payable to the Avoca Drug Company. H. E. Culwell, agent and manager of the business, orally applied for the insurance evidenced by the policies in suit. The request was for insurance for the Avoca Drug Company. Concerning that transaction, Rennels, defendant's local agent, testified: "I think I, as agent, have been writing insurance upon the drug store over there about eight years. I have been writing insurance on that place, during that time, in the name of Avoca Drug Company up until the last two policies, these two, that is, now. I wrote those two policies that you have there. I cannot explain why I wrote those different to what I did the others, nothing only I just thought Mr. Culwell was the owner of the Avoca Drug Company, and I didn't think it would make any difference the way it was written, and I just wrote it 'H. E. Culwell.' When these two policies were written there was no written application made for them. I did not require written applications in the former policies."

This in brief indicates the nature of the testimony bearing on the right of reformation, and, while the testimony is to the effect that neither the local agent, its adjuster, nor the company was ever expressly informed that Mrs. Culwell owned the Avoca Drug Company, the agent, nevertheless, inadvertently or mistakenly wrote the policies to H. E. Culwell rather than to the Avoca Drug Company. Further, the mistake appears not to have been discovered by any of the parties concerned until after the fire and when proof of loss was made.

The right to reformation making the policies in favor of the Avoca Drug Company is sustained by the testimony. In such situation, What are the rights of Mrs. Culwell, the sole owner of the company? She was the Avoca Drug Company, both when the policies were issued and when the losses were sustained. Although Rennels did not know she was the owner of the property, the testimony fails to disclose that he made inquiry for the

purpose of ascertaining who owned the drug store and fixtures. As said in American Cent. Ins. Co. v. Heath, 29 Tex. Civ. App. 445, 69 S. W. 235, "If it [defendant] was solicitous as to who composed the firm, it should have interrogated Heath"—the Culwells in the instant case, and, if they had then made statements contrary to the facts, the defendant might have some basis for its contention here. On the other hand, the testimony establishes that neither Culwell nor his wife made any statements concerning the ownership of the drugs and fixtures. He merely requested insurance for the Avoca Drug Company. This did not amount to a false statement on the matter of ownership. Therefore, with the policies reformed and payable to the Avoca Drug Company, Mrs. Culwell's right of recovery as against the defense here presented is warranted by the following authorities: Bonnet v. Merchants' Ins. Co. (Tex. Civ. App.) 42 S. W. 316; American Cent. Ins. Co. v. Heath, 29 Tex. Civ. App. 445, 69 S. W. 235.

The facts of both cases are very similar. There, as here, the policies of insurance provided that they should be void if the ownership or interest of the insured was not truly stated. In the case first cited, one Rafael Bonnet, who brought the suit, was doing business in the name of Bonnet Bros. He was the sole owner of the firm and stock of goods destroyed by fire. He insured the goods in the name of the firm, Bonnet Bros. The policy was attached to plaintiff's petition. The trial court sustained a general demurrer to the petition on the ground that it showed on its face that the plaintiff had concealed his interest in the insured property, and that by the terms of the policy it was null and void on account of such concealment. The Court of Civil Appeals at San Antonio held that this was error on the part of the trial court, saying: "There is no statute of this state that prohibits the use of firm names which fail to indicate the members of the partnership, and appellant had the right to do business for himself under a firm name, if he so desired, and the right to insure his property in that firm name. His representation that the property belonged to Bonnet Bros. was correct at the same time that he owned the entire interest in the goods."

The other authority cited is equally in point and in somewhat different language the rule is stated thus in 26 C. J. p. 174, § 211: "Actual ownership satisfying the condition requiring sole and unconditional ownership is not interfered with by the fact that insured has carried on his business in the name of another for purposes of strengthening his credit or otherwise. So a person doing business in a firm or corporate name may take out insurance in that name without violating a provision that the policy shall be void if insured conceal or misrepresent any material fact or if his interest be not truly stated."

Numerous authorities are cited in support of the text. In addition to the Texas cases, supra, we note the following: Erb v. Fidelity Ins. Co., 99 Iowa, 727, 69 N. W. 261; Phœnix Ins. Co. v. McKernan, 104 Ky. 224, 46 S. W. 698; Gould v. York County Mut. Fire Ins. Co., 47 Me. 403, 74 Am. Dec. 494; New Hampshire Fire Ins. Co. v. Wall, 36 Ind. App. 238, 75 N. E. 668. Hence our conclusion that the Culwells, in applying for the insurance in favor of the Avoca Drug Company, did not misrepresent any fact concerning the ownership of the property. These propositions are overruled.

■■ Defendant's propositions 8, 9, and 10 are briefed together. They are presented by the defendant immediately after propositions 2 and 3. They are presented as logically following said propositions, "because they deal with the question whether the unconditional ownership clause was waived by the defendant." It is evident that the conclusions reached in the discussion of propositions 2 and 3 have a material bearing upon the questions presented by these propositions. Plaintiffs' right to a reformation and recovery on that theory being established, it necessarily follows that the adjuster sent out by the defendant was commissioned to settle and adjust the loss with the Avoca Drug Company, Mrs. Culwell herself. She was the party with whom the defendant was dealing through its local agent when it agreed to issue the policies. The reformation related back to those negotiations and operated as of the date of the policies. Hence Mrs. Culwell's right of recovery is not necessarily based upon the defendant having waived any rights under the sole ownership clause of the policy. The defendant has simply failed to show that she breached said provision. These propositions are overruled.

■■ Proposition 7 complains that the judgment is against the law and the evidence, in that the property was personal property, and that there was neither pleading nor proof by the plaintiff of the value of the property. In the absence of any special exceptions directed to the allegations concerning the description and value of the property destroyed, we conclude the pleadings were sufficient. Further, there is evidence supporting these allegations. It is reflected by a statement found in the defendant's brief, wherein it is said: "On Heyde's first interview with H. E. Culwell, the parties came to an agreement about the extent of the loss, and Heyde was recommending adjustment through the general agents, Cravens, Dargan & Company, on the basis of $2457.00, believing that H. E. Culwell, the insured, was the owner of the property."

There is testimony warranting the conclusions manifested by this excerpt and such admission, statement, or declaration by the

**350**

agent and adjuster of the defendant (aside from any question of proof of loss or limitation upon the adjuster's authority) would be independent testimony of probative force on the issue of value. It is not a question of the adjuster's authority to settle losses. This proposition is overruled.

The fourth proposition has been examined and is overruled. What has been said concerning the right of reformation on the grounds of mutual mistake under propositions 2 and 3 in effect disposes of this one.

■ The fifth proposition asserts that the policy of insurance on the fixtures was void, and would not support a recovery for the loss of same, since plaintiffs, without the knowledge or consent of the defendant, executed a chattel mortgage on the fixtures eight days after the policy was issued. The policy contained the usual provision that it should be void if any change, other than by the death of the insured, took place in the interest, title, or possession of the subject-matter of insurance by the voluntary act of the insured. The contention is that the execution of the mortgage effected such prohibited change and rendered the policy void under this provision.

The evidence conclusively shows that there was no such change in the title or possession of the subject-matter of the insurance. This at all times remained in the insured. It remains to consider whether the execution of the mortgage wrought any change in the "interest" of the insured in the fixtures, thereby working a forfeiture of the policy covering the same.

■ It is therefore evident that, in the sense in which the word "interest" is used in this contract of insurance, there was no change of interest (by reason of the execution of the mortgage) such as was prohibited by this clause of the policy. As said by our Supreme Court in Insurance Co. v. O'Bannon, 109 Tex. 281, 206 S. W. 814, 815, 1 A. L. R. 1407: "Where the insured is the owner of only an interest in the estate, the word 'interest,' used in the forfeiture clause has force, and any change in such interest would forfeit the policy; but where the insured is the owner of the title the word 'interest' has no application."

In other words, the word "interest" as here used and in so far as the contention of the appellant is built thereon, has no application under the facts of this case. Mrs. Culwell was the sole owner of the title at all times, and no question could arise on an alleged "change of interest" in the contemplation of the policy. The opinion just cited is very enlightening on the legal significance of the words "interest," "title," and "possession," when so used in a policy of insurance. This proposition is overruled.

■ ■ By its sixth proposition the defendant claims that the policy was rendered void by false statements made by the insured in its proof of loss. The falsity is alleged to lie in that part of the affidavit stating that no other person than affiant had any interest in the property, whereas the mortgage discussed under the previous proposition disclosed that the mortgagee therein had an interest in the same. In our discussion of the fifth proposition, we pointed out that, by the execution of the mortgage, the insured worked no change in her "interest" in the subject-matter of the insured. It therefore necessarily follows that the proof of loss is not tainted with fraud or false statements in the respect alleged, and this proposition is overruled.

Further, we are of opinion that the testimony does not bear out the charge of fraud and false swearing charged to the insured in the matter of making the proof of loss.

■ The eleventh proposition, alleging error on the part of the court in overruling the defendant's plea in abatement on the ground that the suit was prematurely brought before the expiration of sixty days after notice, proof of loss, etc., is likewise overruled. We think it evident that defendant's denial of liability justified the institution of the suit at the time it was filed.

For the reasons assigned, the judgment of the trial court is affirmed.