BRITISH GENERAL INS. CO., LIMITED, OF LONDON, ENGLAND, v. STAMPS et al.

No. 1063.

Court of Civil Appeals of Texas. Eastland.

Feb. 17, 1933.

Rehearing Denied March 10, 1933.

T. M. West and Nat L. Hardy, both of San Antonio, for appellant.

J. D. Barker, of Cisco, for appellees.

HICKMAN, Chief Justice.

This suit was filed by appellee Clara Rose Stamps, joined pro forma by her husband, J. T. Stamps, for the sum of $625, being one-half of the face of a certain policy of fire insurance issued by appellant to Harry P. Schaeffer, the former husband of Mrs. Stamps. No jury was demanded, and the court, after hearing all of the testimony, rendered judgment for the full amount sued for, with interest thereon from sixty days after proof of loss was filed. No request was made for separate findings of fact and conclusions of law, and none are contained in the transcript.

The material facts are undisputed, and are as follows: The policy insured a certain house to the amount of $1,000 and certain personal property contained in the house to the amount of $250; the total face value of the policy being $1,250. It was issued to Harry P. Schaeffer. The land upon which the house was situated was, when the policy was issued, the community property of Harry P. Schaeffer and his wife, now Mrs. Clara Rose Stamps, and the premium was paid out of community funds. On November 26, 1930, Schaeffer filed a suit for divorce, which was granted on December 26, 1930. The policy of insurance was issued during the pendency of the divorce proceedings, and bore date of December 3, 1930. On May 14, 1931, while the policy was still in force, both the building and the personal property situated therein were destroyed by fire. Immediately following the destruction of the property, appellee gave appellant written notice that one-half of the funds to be paid under the terms of the policy belonged to her, and requested that, when settlement was made, the check be made payable to Harry P. Schaeffer and Clara Rose Stamps jointly. Thereafter appellant paid Schaeffer $625, being one-half of the total liability under the policy, and being the total amount claimed by him as his interest thereunder.

The only provision of the decree of divorce concerning the property rights of the parties was as follows: "And it further appearing to the court that plaintiff and defendant have partitioned all of their common property, excepting the property hereinafter described, it is ordered, adjudged and decreed that henceforth the plaintiff, Harry P. Schaeffer, and the defendant, Clara Rose Schaeffer, shall have, hold and own in severalty in the proportion of an undivided one-half each, all that tract or parcel of land. * * * [Here follows a description of the tract of land upon which the building covered by the insurance policy was situated.]"

Appellant presents that the entire policy was void because the interest of Harry P. Schaeffer in the property covered thereby was not correctly stated therein; that said Schaeffer was not the sole and unconditional owner thereof, his then wife, now Clara Rose Stamps, being the owner of an undivided one-half interest therein. The policy contains this provision: "This entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void * * * if the interest of the insured in the property be other than unconditional or sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple. * * *"

The question presented under this assignment is: May a husband procure a policy of fire insurance on community property in his

own name without violating the above-quoted provision? We hold that he may. East Tex. Fire Ins. Co. v. Crawford (Tex. Sup.) 16 S. W. 1068; Warren v. Springfield Fire & Marine Ins. Co., 13 Tex. Civ. App. 466, 35 S. W. 810; Sun Ins. Office v. Beneke (Tex. Civ. App.) 53 S. W. 98; Hoyle v. Rep. Ins. Co. (Tex. Com. App.) 14 S.W.(2d) 816.

■ Another provision of forfeiture contained in the policy was in this language: "Or if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise."

It is the contention of appellant that the above clause of the policy was violated in this: When the policy was issued, the property was the community property of Schaeffer and wife. Prior to its destruction, a decree of divorce was rendered, placing the title in the real estate in Schaeffer and his divorced wife as tenants in common, the effect of which was to work a change in the title of the insured. We recognize that a slight change was wrought by the decree of divorce, but do not regard that change to be of such a material and substantial nature as to work a forfeiture of the policy. The property belonged to the same owners at the time of its destruction as of the date of the issuance of the policy, and the proportionate interests of each were the same. The changing of those interests from community interests to undivided interests in severalty cannot be held so to increase the hazard as to avoid the policy. We can cite no Texas authorities on this exact point, but the general principles governing the disposition of the question are illustrated by the following decisions: Insurance Co. of North America v. O'Bannon, 109 Tex. 281, 206 S. W. 814, 1 A. L. R. 1407; Texas Banking & Ins. Co. v. Cohen, 47 Tex. 406, 26 Am. Rep. 298; Delaware Ins.. Co. of Philadelphia v. Hill (Tex. Civ. App.) 127 S. W. 283; Merchants' & Bankers' Fire Underwriters v. Brooks (Tex. Civ. App.) 188 S. W. 243; Philadelphia Underwriters' Agency v. Moore (Tex. Com. App.) 229 S. W. 490; St. Paul Fire & Marine Ins. Co. v. Culwell (Tex. Civ. App.) 45 S.W.(2d) 347.

■ As a further ground for overruling appellant's contentions above discussed, we sustain one of the pleas of waiver interposed by appellee. The substance of this plea was that appellant had recognized its liability under the policy by accepting proof of loss and paying Harry P. Schaeffer one-half of the face thereof upon a claim of one-half interest in the proceeds. This settlement was not a compromise, but was a settlement in full for the entire amount owing to him. If the policy was void because of a change in the title of

the property insured thereby, it was void as to Harry P. Schaeffer, and by its act of paying Schaeffer in full appellant waived the forfeiture clause.

■ Appellee pleaded waiver based upon the retention by appellant of the premium and its failure to cancel the policy after it obtained full knowledge of the divorce decree, but the evidence does not disclose knowledge on the part of appellant of the divorce proceedings, and this plea of waiver was not therefore established.

■ It is recognized that appellant's contention, that the contract of insurance was personal and did not run with the land, is valid, but we do not agree with its conclusion that appellee was not entitled to maintain a suit on the policy. The subject of the insurance being community property, the contract of insurance was made for her benefit the same as for the benefit of her husband.

■ The conclusions above announced apply to the personal property the same as to the building. The decree of divorce did recite that the parties had partitioned all their common property, except the tract of land upon which the insured building was situated, but there was no further evidence thereof than this recital, which did not amount to an adjudication. The testimony of Schaeffer discloses that this personal property was still in the same building when destroyed as when insured, and that it was owned by him and his former wife, Mrs. Stamps. Under these facts the appellant could not pay one-half of the face of the policy without waiving the conditions of forfeiture in the policy. It could not affirm it as to him and forfeit it as to her.

■ On the question of the value of the personal property destroyed, the fact that the insurance company paid Schaeffer $125 for his interest, the same being one-half of the face value of the policy, upon a proof of loss furnished by him, showing the value thereof to be in excess of the amount of insurance thereon, is sufficient evidence, in the absence of any evidence to the contrary, to support the finding of a value of $125 for Mrs. Stamps' interest. St. Paul Fire & Marine Ins. Co. v. Culwell (Tex. Civ. App.) 45 S.W.(2d) 347.

■ The questions presented of alleged errors of the trial court in the admission of testimony, in view of the fact that the trial was before the court, need not be discussed separately. No law questions of importance are presented. To sustain the assignments presenting these questions would not result in the reversal of the judgment. A different result might have followed had the trial been before a jury. Ferguson v. Ferguson (Tex. Civ. App.) 11 S.W.(2d) 214.

The judgment of the trial court is affirmed.