INSURANCE COMPANY OF NORTH AMERICA V. R. A. O'BANNON.

No. 2775.   Decided November 27, 1918.

**1.—Fire Insurance—Ownership—Sale of Land.**

A policy of insurance was conditioned to be void if the interest of the insured be other than unconditional and sole ownership; or if the subject of the insurance be a building on ground not owned by the insured in fee simple. Both building and ground were so owned at the date of its insurance. Subsequently the insured sold the land, retaining title to the building, which he was to remove in a given time or forfeit right to it. Before he did or was required to do so the building burned. Held that such conditions related to the ownership at the time the policy issued, not to the future; and that the policy was not avoided by insured's sale of the land, retaining title to the insured building.   (Pp. 284, 285.)

**2.—Same—Change of Ownership.**

A fire insurance policy was conditioned to become void if any change, other than by the death of insured, take place in the interest, title or possession of the subject of insurance. Insured subsequently sold the land, retaining title and possession of the insured building, which he was to remove within a given time or forfeit it to the purchaser. Before the time limited and while he was preparing to move it, the house was burned. Held that no change in the interest, title, or possession of the insured property, the building, within the terms of the policy, had taken place, and the policy was not avoided by the sale of the land.   (Pp. 285-287.)

**3.—Words and Phrases—Interest—Title.**

The distinction between and application of the words "interest" and "title," as used in an insurance contract with reference to the subject property, is stated and explained.   (Pp. 285, 286.)

4.—Change of Ownership—Increase of Risk.

No change of ownership prejudicial to, or increasing the risk of, the insurer of a building, appears from the sale of the land by the owner, retaining the possession and ownership of the insured building, which he undertakes to move. (Pp. 286, 287.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

O'Bannon sued the insurance company and obtained judgment, which was affirmed on defendant's appeal. The company thereupon procured writ of error.

*Locke & Locke,* for plaintiff in error.—The effect of the three provisions referred to is such that the policy is void if at the time of the fire the ground on which the dwelling stood was not owned by the plaintiff in fee simple, or if the plaintiff's interest in the dwelling was not the sole and unconditional ownership thereof. Glens Falls Ins. Co. v. Michael, 74 N. E., 964; Hoose v. Prescott Ins. Co., 47 N. W., 587; Hall v. Niagara Fire Ins. Co., 53 N. W., 727; Ayres v. Hartford F. Ins. Co., 17 Iowa, 176; Crescent Ins. Co. v. Camp, 64 Texas, 521; New Orleans Ins. Co. v. Gordon, 68 Texas, 144; Columbian Ins. Co. of Alex. v. Lawrence, 2 Pet., 25; Farmers Ins. Co. v. Archer, 36 Ohio St., 608; Excelsior Foundry Co. v. Western Ass. Co., 98 N. W., 9.

The undisputed evidence showed that a change occurred in the interest or title of the insured in the dwelling whereby such interest or title became and remained to the time of the fire other than the unconditional ownership thereof. Following is a list, by no means complete, of cases holding that the title, if any, is conditional upon removal by the date stipulated. McIntyre v. Barnard, 1 Sandf. Ch. 52; Saltonstall v. Little, 90 Pa., 422; Adkins v. Huff, 52 S. E., 773; Bunch v. Elizabeth City Lbr. Co., 46 S. E., 24; Mengal Box Co. v. Moore & McFerrin, 87 S. W., 415; Morgan v. Perkins, 21 S. E., 574; Strasson v. Montgomery, 32 Wis., 52; Reed v. Merrifield, 10 Met., 155; Howard v. Lincoln, 13 Me., 122; Pease v. Gibson, 6 Greenl. (Me.), 81; Fletcher v. Livingstone, 26 N. E., 1001; Hicks v. Smith, 46 N. W., 133; Boisaubin v. Reed, 2 Keyes, 19 (N. Y.), 323; Golden v. Glock, 15 N. W., 12; Hawkins v. Goldsboro Lbr. Co., 51 S. E., 852; Williams v. Flood, 30 N. W., 93; Macomber v. Detroit, L. & N. R. Co., 66 N. W., 376; White v. Foster, 102 Mass., 375; Utley v. S. N. Wilcox Lbr. Co., 26 N. W., 488; Bell Co. Lnd. & C. Co. v. Moss, 97 S. W., 354; Jackson v. Hardin, 87 S. W., 1119; Chestnut v. Green, 86 S. W., 1122; McRae v. Stillwell, 36 S. E., 604; Clark v. Guest, 43 N. E., 862; Strong v. Eddy, 40 Vt., 547; Warren v. Leland, 2 Barb. (N. Y.), 613; Webber v. Proctor, 36 Atl., 631; Putney v. Day, 6 N. H., 430; Judevine v. Goodrich, 35 Vt., 19; Kelham v. McKinstry, 69 N. Y., 264; Null v. Elliott, 43 S. E., 173; Bennett v. Vinton Lbr. Co., 28 Pa. Super., 495; Johnson v. Shortreed, 12 Ont., 633; Steinhof v. McRae, 13 Ont., 546; St. Louis Cypress Co. v. Thibodaux, 45 So., 742; Clark v. Ingram Day Lbr. Co., 43 So., 813;

Baxter v. Mattox, 32 S. E., 94; Lodwick Lbr. Co. v. Taylor, 99 S. W., 192, 100 Texas, 270; Beauchamp v. Williams, 115 S. W., 130; Montgomery County Development Co. v. Miller-Vidor Lbr. Co., 139 S. W., 1015; Carter v. Clark & Boice Lbr. Co., 149 S. W., 278; Houston Oil Co. of Texas v. Boykin, 153 S. W., 1176; Lancaster v. Roth, 155 S. W., 597; North Texas Lbr. Co. v. McWhorter, 156 S. W., 1152; Kutler v. Smith, 2 Wall., 491; Sampson v. Camperdown Cotton Mills, 64 Fed., 939; Burk v. Hollis, 98 Mass., 55; Harrison v. Smith, 19 N. S., 516; Beckwith v. Boyce, 9 Mo., 560; Davis v. Buffum, 51 Me., 160; Bodwell Water Power Co. v. Old Town Elec. Co., 51 Atl., 802; Thomas v. Crout, 68 Ky., 37; Drieske v. People's Lbr. Co., 107 Ill. App., 285; Phelps v. Ayers, 125 N. W., 919; Griffin v. Ransdell, 71 Ind., 440; Stevens v. Burnham, 87 N W., 546; In re Star Street in Borough of Queens, 131 N. Y. Supp., 71; Shepard v. Spaulding, 45 Mass., 416; Hughes v. Kershow, 93 Pac., 1116; Zeigler v. Lexington Comp. & Oil Mill Co., 63 So., 220; Burns v. City of New York, 143 N. Y. Supp., 952; Anthony v. Rockefeller, 76 S. W., 491; Waits v. Bailey, 44 Atl., 262; Sanitary Dist. of Chicago v. Cook, 48 N. E., 461; Davis v. Carsley Mfg. Co., 112 Ill. App., 112; O. L. Shafter Estate Co. v. Alvord, 84 Pac., 279; Osborn v. Potter, 59 N. W., 606; Sullivan v. Carberry, 67 Me., 531; Welsh v. McDonald, 116 Pac., 589; Shepard v. Spaulding, 4 Met., 416; White v. Arndt, 1 Whart., 91; Talbot v. Whipple, 14 Allen, 177; Loughran v. Ross, 45 N. Y., 792; McIver v. Estabrook, 134 Mass., 550; Turner v. Kennedy, 58 N. W., 823.

*Jones & Hassell,* for defendant in error.—The court did not err in refusing defendant in error's special requested charge No. 1, directing the jury to return a verdict in its favor. Parson, Rich & Co. v. Layne, 97 Minn., 98; Rosenstock v. Mississippi Home Ins. Co., 35 So., 309; Liverpool, etc., Ins. Co. v. Cochran, 26 So., 932; Manhattan Fire Ins. Co. v. Weill, 26 Am. Rep., 364; Collins v. London Ass. Corp., 30 Atl., 924; Lewis v. New England F. Ins. Co., 29 Fed., 496; Manufacturing Co. v. Commercial Fire Ins. Co., 13 Fed., 646; Nance v. Oklahoma Fire Ins. Co., 120 Pac., 948.

In a policy of insurance which contains provisions avoiding the policy, "if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned in fee simple; or if any change other than by the death of an insured take place in the interest, title or possession of the subject of insurance," a reasonable construction of said provisions is that the first two relate to the time of the issuance of the insurance policy, and the second relates to a subsequent time; and if, at the time of the issuance of the insurance policy, the interest of defendant in error was that of unconditional and sole ownership; and, if the insured building at said time was on ground owned by the insured in fee simple; and if, at the time of the fire, no change had taken place in the interest, title or pos-

session of the insured in the subject of insurance, the insured's right to recover his loss from fire can not be questioned. Same authorities.

The undisputed evidence showed that defendant in error, in his sale to the school board of the land on which the insured house stood, reserved to himself absolute title in said insured house and had such absolute title to said house at the time of the fire which destroyed same. Same authorities, and also: Hartford Fire Ins. Co. v. Walker, 153 S. W., 398; Insurance Co. v. Wilderspein, 118 S. W., 1132; Lodwick Lumber Co. v. Taylor, 100 Texas, 270; Home Mutual Ins. Co. v. Tomkies, 71 S. W., 812.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The defendant in error recovered a judgment against plaintiff in error in an action on an insurance policy, which was affirmed by the Court of Civil Appeals (170 S. W., 1055), and this writ of error is prosecuted to reverse those judgments.

The property insured was a one-story frame dwelling in the City of Sherman. On December 21, 1913, as the result of negotiations extending over about one year, defendant in error, who then owned the dwelling and the land on which it stood, conveyed the land by warranty deed of himself and wife to the trustees of the Sherman Independent School District, for a recited consideration of $9000 in cash. The trustees contemporaneously delivered back to defendant in error a written acknowledgment that under the real contract between the parties the buildings on the land were to be retained by defendant in error and wife, who were to have a reasonable time, but in no event to be longer than February 1, 1913, to remove the buildings from the land, and that only $4500 of the purchase money had been actually paid and the remaining $4500 was to be paid on the removal of said buildings. While the policy of insurance was in force, on January 17, 1913, the house was destroyed by fire. At that time the house had not been removed from the land conveyed to the trustee, but arrangements had been made by defendant in error to have the work of removal begun on the Monday next following the date of the fire.

The insurance policy is in the form adopted for Texas by the State Insurance Board, being identical with the New York standard form.

The following are the provisions on which plaintiff in error relies to defeat the payment of the policy, towit:

"The entire policy . . . shall be void . . . if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; . . . or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise."

It is admitted that the insured was the unconditional and sole owner

in fee simple of the land, including the dwelling, at the time of isssuance of the policy. And, since the language of the policy clearly admits of the construction that the clauses forbidding that "the interest of the assured be other than unconditional and sole ownership" and that the building insured be "on ground not owned in fee simple" both relate to the time of issuance of the policy, we can not doubt that this construction should be adopted in order to avoid the never favored forfeiture. Dumphy v. Commercial Union Assurance Co., 107 Texas, 111, 174 S. W., 814; Bills v. Hibernia Ins. Co., 87 Texas, 551, 29 L. R. A., 706, 47 Am. St., 121, 29 S. W., 1063.

In the case of Parsons, Rich & Co. v. Lane (In re Millers & Mfgrs. Ins. Co.), 97 Minn., 98, 4 L. R. A. (N. S.), 23, 106 N. W., 485, 7 Ann. Cas., 1144, cited with approval in the able opinion of the Court of Civil Appeals, it is said:

"The policy provides that: 'This entire policy . . . shall be void . . . if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on a ground not owned by the insured in fee simple.'

"There are some authorities which hold that this provision refers only to subsequent changes in the title, but they rest upon an unnatural construction of the language of the policy. The words used refer to the present and not to the future and the conditions relate to facts as they exist at the date of the policy."

The remaining clause relied on by plaintiff in error plainly relates to the future and declares a forfeiture to follow "any change, other than by the death of an insured, in the interest, title, or possession of the subject of insurance, except change of occupants without increase of hazard."

The property was still in the possession of defendant in error, when the dwelling burned, but it is claimed that such a change had taken place in both his interest and title as to prevent his recovery.

Given a reasonable construction, there was no change of "interest" in the subject of this insurance. The Supreme Court of Kansas rightly interpreted the word "interest," when it said:

"The word 'interest,' as used in the policy, is not synonymous with title; it means some right different from title; it can not mean a greater estate than title, since title as there used was intended to mean the entire estate. It must, therefore, have been used with the meaning generally attached to it, when used in contradistinction to title, as, 'any right in the nature of property, less than title.' Anderson's Law Dict., 562. 'In the narrower sense it was used in the English common law of real property, to designate a right less than an estate.' Century Dict., vol. 4, p. 3142. This, we think, is the sense in which it was used in the policy. In the interpretation of the policy this word is important. The form of the policy was intended to cover two classes of risks. There are large interests in real estate owned by persons who have neither title nor possession. The form of this policy is adapted to the insur-

ance of such interests, as well as to the insurance of property where the insured is the owner of the title. Where the insured is the owner of only an interest in the estate, the word 'interest,' used in the forfeiture clause, has force, and any change in such interest would forfeit the policy; but where the insured is the owner of the title the word 'interest' has no application. In the latter case, if any change takes place in the title, the policy is forfeited." Garner v. Milwaukee Mechanics' Insurance Co., 73 Kan., 127, 84 Pac., 717, 4 L. R. A. (N. S.), 656, 117 Am. St., 460, 9 Ann. Cases, 459.

We are equally sure there was no change of "title" within the reason of the language embodied in this policy.

Under the writings between defendant in error, joined by his wife, and the trustees, the title to the subject of insurance, i. e., the one-story frame dwelling, was in defendant in error at the date of the fire. Even where a forfeiture of the insured's title to certain buildings was expressly provided for, on failure to remove same by a fixed date, an United States circuit court, sitting in Massachusetts, refused to hold that there was any breach of this condition, upon the fire occurring prior to the expiration of the time allowed for the removal, the court declaring: "The land is not insured, and if the actual property covered by the risk conforms to these various conditions as to absolute ownership it would seem to be sufficient. The assured owned the buildings originally, and it had never parted with any interest in them. While it had conveyed the land upon which they were situated to the City of Boston, it had not parted with either the title or possession of the property insured. It had only agreed that if the buildings were not removed within a certain time they should be forfeited. So far as appears, the assured was preparing to remove them within the time stated, unless a further extension should be granted. Until the ownership was taken away by forfeiture or otherwise it would seem to be complete." Washington Mills Emery Mfg. Co. v. Commercial Fire Ins. Co., 13 Fed., 646. On the same facts, the Supreme Court of Massachusetts reached the same conclusion, which it expressed in these words: "It is not material whether the clause operates technically as an exception, or as an agreement detaching the buildings from the realty and making them personal property, which was to belong to, and be at the disposal of the grantor. The buildings were not conveyed to the city, but remained the property of the plaintiff. It is not necessary to consider what would have been the rights of the parties after October 1, 1878 (the date for forfeiture of the insured's title for failure to remove the buildings), as the buildings were burned before that time." Washington Mills Emery Mfg. Co. v. Weymouth Ins. Co., 135 Mass., 504.

It is settled law in this State that a fire insurance policy is not violated by a change of title "not of a nature calculated to increase the motive to burn, or diminish the motive to guard the property from loss by fire." New Orleans Ins. Co. v. Gordon, 68 Texas, 149, 3 S. W., 720; Home Ins. Co. v. Tomkies, 30 Texas Civ. App., 404, 71 S. W., 813.

And, as observed by this court in Gordon's case, "vigilance in the care of·the property is not likely to be diminished when the assured is the only one who can possibly suffer by its destruction." We can not hold otherwise than that the entire burden of the loss at the date of this fire fell on defendant in error, save as he was indemnified by the policy sued on.

There was no breach of any condition of the policy, and the judgments of the District Court and of the Court of Civil Appeals are affirmed.

*Affirmed.*