## HARTFORD FIRE INS. CO. v. LaMON.

### No. 10864.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 5, 1941.

Rehearing Denied March 12, 1941.

Johnson & Rogers, of San Antonio, for appellant.

Grover C. Morris and S. Engelking, both of San Antonio, for appellees.

SMITH, Chief Justice.

LaMon brought this action against the Insurance Company to recover $1,000, the amount of a fire policy covering furniture and fixtures burned while contained in a building used as a cafe and rooming house in the town of Natalia, in Medina County. Upon a single jury finding, not challenged here, that the value of the destroyed property was $1,500, the court rendered judgment for plaintiff for $1,000, the amount sued for. The Insurance Company has appealed.

Appellant submits the case on its propositions of law, based on three assignments of error: first, that the evidence failed to show, and there was no jury finding, that appellee made proof of his alleged loss, as required by the policy, wherefore, the trial judge should have directed a verdict for appellant or granted its motion for judgment non obstante veredicto; and, second, that the single jury finding, of the value of the destroyed property, was not sufficient to support the judgment.

The case is essentially one of fact. It was undisputed, was in effect conceded, that the property was insured by appellant against loss by fire in the amount of $1,000, and that it was destroyed by fire. That being the case it was not necessary to submit those basic issues to the jury. The jury found upon sufficient evidence that the value of the insured property was $1,500. The only remaining issue was that of whether appellee complied with his contractual obligation to furnish appellant with written verified proof of the loss, which issue was not submitted to the jury. Appellee contends, however, that that defense was waived by appellant. Upon that issue appellee and his father each testified emphatically and without the least contradiction that after the fire and in due course they presented to appellant's admittedly authorized adjuster a list of the property insured and destroyed and offered to make any further proof of loss required by the company, whereupon the adjuster assured them that no further proof was necessary, that the proof appellee had already furnished him was "sufficient." Now, this adjuster was present and testified for appellant upon the trial of this case, but did not undertake to deny, did not mention, and was not even asked by appellant's counsel about the statements and assurances attributed to him by appellee's witnesses. Obviously, those statements, if true, constituted a complete waiver of appellant's right to proofs of loss required in its policy. Chicago Fire & Marine Ins. Co. v. Herring, Tex.Civ.App., 54 S.W.2d 236, writ refused. And it is equally obvious that the testimony of appellee's witnesses, and the pointed silence of appellant's adjuster, who alone, if any one, was in a position to refute that testimony, conclusively established the fact of waiver. The fact being established as a matter of law, it was not necessary to sub-

mit the issue thereof for a jury finding. That seems to be all there is to the case.

For, with the undisputed facts of coverage and loss and of wavier of proofs of loss, and the jury finding of value in excess of the award, no other judgment could have been rendered, and it must be affirmed. The original opinion will be withdrawn and this substituted therefor.

Affirmed.