## Mrs. L. P. Walters et vir v. Century Lloyds Insurance Company

No. A-4713. Decided November 17, 1954
Rehearing overruled December 22, 1954.
(273 S.W. 2d Series 66)

*Richard H. Burks,* of Houston, for petitioners.

The trial court erred, as did the Court of Civil Appeals in affirming its judgment, in granting the insurance company's motion for an instructed verdict, because there was evidence raising the issue of waiver of proof of loss; of estoppel of the insurance company to deny proof of loss and that plaintiffs had substantially complied with the policy provision requiring proof of loss. Fidelity-Phoenix Fire Ins. Co. v. O'Bannon, 178 S.W. 731; National Standard Fire Ins. Co. v. Hubbard, 31 S.W. 2d 859; Western Union Tel. Co. v. Coker, 146 Texas 190, 204 S.W. 2d 977.

*Emmett Shelton,* of Austin, for respondent.

MR. JUSTICE CULVER delivered the opinion of the Court.

Petitioners sued on an insurance policy issued by respondent, Century Lloyds, to Mrs. L. P. Walters, insuring against loss by fire a frame cafe building for $5,000.00 and personal property used in the cafe in the sum of $2,500.00. On August 26, 1951, fire destroyed this building and its contents.

Judgment in favor of respondent on both counts has been affirmed by the Court of Civil Appeals. 267 S.W. 2d 278.

On July 2, 1951, after the issuance of the fire insurance policy, Mrs. Walters and her husband deeded the premises to her only daughter, Ruby Walters. It is undisputed that the reason for this transfer was to enable the grantee to deal with the county which was seeking to condemn the portion of the property on which the improvements stood for highway purposes. Under this arrangement Ruby was to act for her mother only and acquired for herself no beneficial interest in the property. The only issue submitted to the jury was found in petitioner's favor to the effect that the property was conveyed to Ruby in trust for Mrs. L. P. Walters.

Prior to the execution of this deed condemnation proceedings had been instituted by the county naming Mrs. Walters,

her husband and Ruby as parties defendant. Thereafter these defendants were notified to appear on the 17th day of July, 1951, before special commissioners. The findings made by the commissioners reflect that all parties appeared, and evidence having been offered as to value and damages, the total sum of $7,555.00 was awarded, being $1,048.92 for the land taken; $3,455.00 for moving the improvements from the land, and for damages to the balance of defendant's property, the sum of $3,051.08. It is recited that the award was agreed to by "plaintiffs and defendant" and "defendants further agreed to remove all improvements from the above described land on or before August 20, 1951."

On the 30th day of July, 1951, judgment was entered in the County Court at Law as follows:

"It is further ordered, adjudged and decreed by the Court that said sum of $7,555.00 be paid by the County of Harris into the registry of the Court to the order of the defendants herein, Nancy Walters and husband Preston Walters, and Ruby Walters.

"It is further ordered, adjudged and decreed that all right, title and interest in and to the hereinabove described land be and the same is hereby vested in the State of Texas, for right of way purposes; and that a writ of possession issue in favor of the plaintiff herein; and that the County Clerk pay to the defendants herein, Nancy Walters and her husband Preston Walters, and Ruby Walters, the aforesaid sum of $7,555.00 upon the filing of a receipt therefor."

The respondent denied liability on the policy, so far as the building was concerned. It asserted that the conveyance of the property by Mrs. Walters and husband to her daughter, Ruby, was *a change of ownership of the insured property* in purview of the provisions in the policy that the company in such event should not be liable for loss.

■ An early Supreme Court case, New Orleans Insurance Company v. Gordon, 68 Texas 144, 3 S.W. 718, 720, lays down the following rule:

"* * * If there is no change in the fact of title, but only in the evidence of it, and if this latter change is merely nominal, and not of a nature calculated to increase the motive to burn, or diminish the motive to guard the property from loss by fire, the policy is not violated. Ayers v. Hartford Fire Insurance Co., 17 Iowa 186."

Therefore, notwithstanding the deed to Ruby if the property had been destroyed by fire before title had been transferred out of her there would have been no change in ownership as contemplated by the terms of the policy. Also, if the insured, joined by her husband, had executed the deed to the county reserving the right to remove the insured building therefrom she would have been entitled to recover on her policy under the doctrine announced in Insurance Company of North America v. O'Bannon, 109 Texas 281, 206 S.W. 814, 1 A.L.R. 1407. It is argued that Ruby Walters did pass the title to the county by the agreed judgment thus demonstrating that she was vested with a fee simple title and therefore the conveyances became a change in ownership as contemplated by the provisions of the policy. In our opinion this result does not follow. It is admitted that the daughter, Ruby, was holding the title for the benefit of the mother; that the daughter herself acquired no beneficial interest. It is to be remembered that Ruby executed no deed of conveyance. All parties, including her mother and father, were before the court and the judgment, whether agreed to or not, acted to divest out of the parties defendant whatever title each might have. We therefore think that it cannot be said as claimed in respondent's first counter point that "the insured's transfer of the insured property by general warranty deed, which deed grantor recognized to be absolute by her acquiescence in grantee's subsequent reconveyance, was a change in ownership within the meaning of such phrase as used in the policy sued upon."

It may be said that Ruby agreed to the terms of the judgment but it was the judgment not the agreement which vested title to the property in the county. In making the agreement Ruby was acting as the agent of the beneficial owners.

■ Respondents argue that the effect of the transfer of title from Mrs. Walters resulted in reducing the value of the improvements to an amount far less than the insurance granted thereon thereby increasing the motive to burn and diminish the incentive to guard. There was some testimony offered as to the value of the cafe building. Admittedly the value was greater than the amount of insurance, on a replacement basis. One witness, an agent of the county, testified that he valued the building at $5,200.00, but as a building that must be moved and sold to someone willing to buy and move it to another location and it would only have a salvage value of $600.00. The county had previously offered during the negotiations $11,000.00 for the property, considering the improvements to be worth

$7,000.00 This offer was rejected. By the terms of the judgment the petitioner received $7,555.00 and kept her building with the privilege of removing it onto the remainder of her tract. So far as the petitioner is concerned the building was worth considerably more than its salvage value. It was to be moved only the short distance onto that portion of the tract not sold to the county. If it were worth only $600.00 then she received finally much less than the rejected offer of $11,000.00 in cash. Certainly, the conveyance of the property to the daughter did not create any additional hazard. We think, therefore, the rule announced in the O'Bannon cast is applicable here.

■ The only defense asserted to recovery for the loss of personal property in the building was that no *proof of loss* was submitted by the insured as required by the policy.

Petitioner maintains that the evidence raised the fact issue of waiver of the *proof of loss* and with this contention we agree.

The record shows Mrs. Walters to be an uneducated woman and unversed in busines affairs. Unaided she could not have filled out any proofs of loss nor did she know that any were required.

The respondent on the day following the fire sent its adjuster to the scene. He questioned Mrs. Walters and the others about the facts of the fire. He discussed with Mrs. Walters the filling out of an inventory of the goods destroyed and instructed her how it should be made out. Mrs. Walters testified that he gave her paper for that purpose. When the first copy was submitted to him the adjuster objected that it was not sufficiently itemized and showed how it was to be corrected. The adjuster took a copy of the inventory with him. At his request a corrected copy was mailed to him and placed in the respondent's file. Neither the adjuster nor the company ever furnished petitioner any *proofs of loss* nor made any objection to the inventory furnished which set out a hundred or more items with estimated values totaling more than the amount of the insurance.

It is well settled that provisions of an insurance policy regarding notice and proof of loss are for the benefit of the insurer and may be waived by it. Sanders v. Aetna Life Insurance Co., 145 Texas 169, 205 S.W. 2d 43; Metropolitan Life Insurance Co. v. Wann, 130 Texas 400, 109 S.W. 2d 470, 115 A.L.R. 1301.

The adjuster had all of the information before him that

could have been given in a formal proof of loss, the only difference being that the inventory was not signed and sworn to. We think here the evidence made out at least a question of fact on the issue of waiver. Hartford Fire Insurance Co. v. LaMon, Texas Civ. App., 149 S.W. 2d 157; Federation Surety Co. v. Smith, Texas Com. App., 41 S.W. 2d 210; Service Mutual Insurance Company of Texas v. Territo, Texas Civ. App., 147 S.W. 2d 846.

The holding in Provident Fire Insurance Co. v. Ashy, 139 Texas 334, 162 S.W. 2d 684, 685, is relied upon to the contrary. While the facts are somewhat similar we think they are to be distinguished. In the Ashy case there was no inventory nor was one offered which purported to show the stock on hand at the time of the fire and the court points out there was afforded "no basis from which it (the company) could ascertain the different articles which went to make up the stock and thereby test the correctness of Ashy's claim." Also in the Ashy case two days after the fire the parties signed a "non-waiver" agreement that was binding on both parties.

The judgments of both courts below are reversed and rendered in favor of the petitioner awarding to her a recovery against respondent on the policy of insurance for the loss of the cafe building and reversed and remanded for a determination of the fact issue as to whether or not respondent waived the proof of loss of contents of the building.

Opinion delivered November 17, 1954.
Rehearing overruled December 22, 1954.