# THE OHIO CASUALTY INSURANCE CO. V. ALICE TORRES, ET VIR.

No. A-6178. Decided April 3, 1957.
Rehearing overruled May 1, 1957.
(300 S.W. 2d Series 947)

*L. W. Anderson,* of Dallas, for petitioner.

*Barnes & Barnes,* of Terrell, *Johnson, Guthrie & Stanfield,* of Dallas, for respondents.

MR. JUSTICE SMITH delivered the opinion of the Court.

Respondent brought this suit against petitioner to recover on a judgment which had been rendered against her in another suit in favor of C. B. Anderson and wife. The basis for the present suit is the claim by respondent that the petitioner had issued its property damage and public liability policy of insurance on an automobile at a time when the automobile was the community property of respondent and her former husband, William E. Rush, Jr. It is the contention that such a policy is a joint policy of the husband and wife, and either party may recover thereon to the extent of his or her interest therein.

Respondent further contends that where, as here, a divorce decree is entered and the judgment vests the husband's community interest in the property in the wife, and thereafter the policy is renewed in the name of the former husband, the former wife is still entitled to assert whatever rights she had in the original and renewal policies. The original policy covered the period from May 5, 1952 to May 5, 1953 and covered a 1950 Chevrolet Sedan. The respondent and her husband were legally divorced on April 10, 1953. The judgment awarded the title to the Chevrolet to the respondent.

The petitioner contends that a renewal policy on this automobile was prepared by petitioner's agent on May 5, 1953 in the name of William E. Rush, Jr., but was never delivered or

sent through the mails and remained in the agent's office; that at the time of the issuance of said renewal policy the said William E. Rush, Jr., had no insurable interest in the automobile and therefore the policy was ineffective; that on June 3, 1953, the date of the accident in which the automobile was involved, and the accident which gave rise to the cause of action of the Andersons against the respondent, the said William E. Rush, Jr., was not the owner of the automobile and had no insurable interest therein; tht the respondent was attempting to recover upon a policy of insurance to which she was a complete stranger, the policy having been issued after the parties were divorced and after ownership of the automobile had been completely changed and the title thereto and possession thereof was vested in the wife.

Petitioner filed its motion for summary judgment wherein the above matters were alleged and sworn to as well as other allegations not necessary to mention. The respondent answered the motion. The trial court after considering the motion and reply thereto, as well as the affidavits accompanying the motion and those opposing same, the pleadings and admissions of the parties, reached the conclusion that there was a complete "absence of a genuine issue of any material fact in that the said plaintiff, Alice Torres, acquired complete title to the automobile in question on April 10, 1956, by virtue of a divorce decree and accordingly the plaintiff, Alice Torres, did not have any insurable interest in the alleged renewal policy issued by the defendant on May 5, 1953 and at the time the accident occurred on June 3, 1953, and * * * that there was an absence of a genuine issue of any mtaerial fact in that the alleged renewal policy was never delivered or accepted by the plaintiff, Alice Torres." Accordingly, the trial court granted petitioner's motion for summary judgment and entered its judgment that respondent take nothing by virtue of her suit. The Court of Civil Appeals has reversed the trial court and remanded the cause to that court for a trial on its merits. 296 S.W .2d 561.

The respondent vigorously contends that the motion for summary judgment and the supporting affidavits do not conclusively show a violation of the sole ownership clause of the policy. A study of the record, including the pleadings, supporting affidavits, and admissions of the parties has convinced us that the trial court properly granted petitioner's motion for summary judgment. The respondent in her supporting affidavit and pleadings clearly bases her cause of action on the claim that the renewal policy was a continuation of the original policy

which had been contracted for at a time prior to the divorce, to-wit: May 5, 1952, and at which time the automobile was the community property of her then husband and herself. The respondent's affidavit ties the renewal policy in with the original policy by stating that at the time of the issuance of the original policy the local agent of the petitioner was informed that the original policy was to cover an automobile owned by both husband and wife, and that the automobile was purchased with community funds. The affidavit further affirms that the agent was informed that the respondent would be driving the automobile, as Mr. Rush was in the Armed Forces of the United States Government and would be away, and respondent wanted to be certain that she would be protected; that the agent gave assurance that the policy of insurance would fully protect the interests of both husband and wife. The affidavit of respondent shows that this oral agreement was made to keep the automobile insured at the time of the inception of the original policy, and at a time when the respondent and Mr. Rush were husband and wife, and at a time when the automobile was the community property of the then Mrs. Rush and her husband. The respondent cannot recover on the original policy contract, but must recover if recovery is allowed on the renewal policy. The respondent relies upon cases to support her contention which hold that where either spouse takes out a policy of insurance covering the community property, the protection afforded inures to the benefit of the other. The only theory whereby this rule could be applied in this case is the one advanced by respondent wherein she claims that the rights of the parties are determined as of May 5, 1952, the date of the original policy and the oral agreement with the agent to keep the automobile insured. Respondent reasons that the original policy was issued for the benefit of both husband and wife and that the original policy was thereafter renewed. Respondent does not sue for a reformation of the renewal policy, but in effect alleges that the policy of May 5, 1952, issued in the name of William E. Rush, Jr., was renewed, and that at the time of the issuance of the original policy the automobile was community property, and the renewal policy was for the benefit of respondent, and that the change of ownership did not affect the validity of the renewal policy. With this contention we cannot agree. The respondent is attempting to enforce the terms and provisions of a contract to which she was not a party. See Indemnity Company of America v. Mahaffey, Texas Civ. App., 231 S.W. 861, no writ history. Respondent's only attempt to show that she was a party to the renewal insurance policy was in the manner above stated. No other conclusion can be drawn but that the respondent admits by her

pleadings and affidavits that she relies upon the position that the renewal policy constituted a continuation of the original contract as evidenced by the original policy of insurance. It is true that her affidavit reflects, and she alleges that petitioner's agent knew of the divorce between the parties, and that the agent knew that the automobile was being operated by the respondent after hr divorce. The affidavits, however, do not allege that the agent knew the automobile was awarded to her in the divorce decree, nor that the agent agreed in May 1952, or at any other time, to keep the automobile insured in the petitioner insurance company. The petitioner's affidavits show that the renewal policy dated May 5, 1953, numbered 70 20326, (the same number alleged by respondent in her petition) was issued to William E. Rush, Jr., for a period from May 5, 1953 to May 5, 1954, covering the 1950 Chevrolet involved in this suit, and that the said William E. Rush, Jr. was the sole owner of said automobile, and that the automobile was the same as the one described in the original policy dated May 5, 1952.

We hold that the petitioner has fully discharged its burden of proving that there is no genuine issue of any material fact as required under Rule 166-a, Texas Rules of Civil Procedure. See Gulbenkian v. Penn. 151 Texas 412, 252 S.W. 2d 929, for the rules governing the question of determining when and under what circumstances a summary judgment should be granted or denied.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion delivered April 3, 1957.

Rehearing overruled May 1, 1957.