**TEXAS FARM BUREAU INSURANCE COMPANY, Appellant,**

v.

**Louis MUSE, Appellee.**

**No. 3709.**

Court of Civil Appeals of Texas.

Waco.

March 17, 1960.

Rehearing Denied April 14, 1960.

Ben L. Parten, Jr., Franklin, Coleman Gay, Austin, for appellant.

Bill Palmos, Bryan F. Russ, Hearne, for appellee.

TIREY, Justice.

Plaintiff grounded his cause of action on an insurance policy covering his stored cotton seed against loss caused by windstorm and rain. At the conclusion of the evidence the Court overruled the insurance company's motion for instructed verdict and submitted the cause to the jury on six issues. They are absent the burden of proof clause substantially as follows: Do you find

"1. That the wind made an opening in the wall or roof of the building in question? A. Yes.

"2. That the cotton seed in question was damaged by rain entering the opening of the building in question? A. Yes.

"3. That the cotton seed in question was rendered a total loss for planting purposes by reason of the damages thereto? A. Yes.

"4. What do you find, from a preponderance of the evidence, was the reasonable cash market value of the cotton seed in question in Robertson County for planting purposes per ton just prior to the damage, if any you have found? Answer in dollars and cents. A. $80.00.

"5. What do you find, from a preponderance of the evidence, was the reasonable cash market value of the cotton seed in question in Robertson County for planting

purposes per ton just after the damage, if any you have found? Answer in dollars and cents. A. None.

"6. What do you find was the reasonable cash market value of the cotton seed in question in Robertson County per ton for any other purpose just after the damage, if any you have found? A. $33.24."

The Court overruled the insurance company's motion to disregard the jury's answers to Issues 1, 2, 3, 4, 5 and 6 and to render judgment in defendant's favor, notwithstanding the verdict and granted the plaintiff's motion for judgment and decreed that plaintiff recover from the insurance company the sum of $2,480 with interest thereon from December 15, 1958, until paid at the rate of 6% per annum, and for costs. The insurance company perfected its appeal to this Court.

The judgment is assailed on what the insurance company designates as Eight Points.

██ Point 5 is substantially that the Court erred in holding that there was evidence to warrant the submission of Special Issue No. 4. No. 6 is that the Court erred in holding that the testimony was sufficient to support the jury's answer to Special Issue No. 4. We think that Points 5 and 6 must be sustained on the record before us, and that this will require that the cause be reversed and remanded for reasons which we shall hereinafter briefly state. Testimony was tendered to the effect that in the late summer of 1958 during the ginning of appellee's cotton crop that he caught about thirty-one tons of cotton seed which he stored in a tractor shed on his farm near Hearne, and that he caught these seed for planting purposes. Appellee had caught and stored seed in the same manner during the ginning season of 1957, and he used as much of the seed as was necessary for planting his 1958 crop, and that he sold the cotton seed that he did not use for planting. That appears to be the procedure of cotton farmers in this area.

Testimony was tendered to the effect that in the absence of a germination test it was impossible to determine whether or not the seed was good planting seed, and that no test was run on the seed in question prior to the time appellee claimed it was damaged by rain. As we understand the record there is no primary evidence to the effect that the seed was valuable for planting seed prior to the time it was damaged by the rain. The insurance company seasonably filed its objection to Issue 4, and this objection pointed out to the Court that "there is no evidence and the evidence is insufficient to justify the submission of such issue, in that there is no evidence to the reasonable cash market value of said cotton seed 'just prior to the damage' and for the further reason that the value of said cotton seed for planting purposes is wholly immaterial and submits an improper measure of damages, in that said cotton seed was insured as cotton seed and not as planting seed, and if Plaintiff were entitled to an issue on damages it would be to the value of the cotton seed, regardless of the use to which it was to be put, 'just prior to the damage.'" The insurance company further objected to Special Issue No. 4, because it was too general, and did not limit the jury to any particular place or locality and permits them to take into consideration the market value of the cotton seed at Waco, Texas, or any other place in the State of Texas. We think these objections should have been sustained, and that the Court should have corrected his Charge accordingly.

It was stipulated that the insurance policy in suit was in full force and effect and appellant's counsel in his oral argument before the Court stated that it had never denied liability on the policy, and that it felt that the insured had sustained a loss, but that he was of the view that appellee was claiming a loss far in excess of what he was entitled to. Because of the statements made by appellee's counsel, and because we think that the case must be reversed and remanded, we have decided not

to make further comment upon the testimony tendered.

Plaintiff went to trial on his original petition and his first supplemental petition. He alleged substantially that on the 25th day of September, 1958 he was the owner of approximately thirty-one tons of cotton seed of good germinating quality, and that he had the same stored in a metal shed with metal roof and that defendant executed its certain insurance policy insuring the cotton seed in such barn at the price of $80 per ton, and that plaintiff paid the premium thereon and that said policy was in full force and effect at the time he sustained damages to the seed by virtue of a wind and rain storm; that his loss occurred in the latter part of October, at which time the wind blew open the door and blew part of the roof off, and thereafter, the rain came and wet the cotton seed, and that on or about the 5th day of November, 1958, he checked the seed and found them to be turning black, and he decided it was necessary for him to have a test made in order to ascertain the damage to the seed for germinating purposes; that he forthwith caused a sample of the seed to be tested, and that the test showed that the seed were of no value for planting purposes; that he thereafter gave notice to the insurance company's agent at Hearne who wrote the policy and demanded that such company pay for his loss. In paragraph 7 he specifically alleged that he "had complied with all of the terms and conditions required of him as set out in said policy of insurance * * * and had made both written and oral demand on defendant to pay him for loss sustained under the policy; that defendant had denied liability under said policy of insurance and had refused and still refuses to pay said sum of money as provided in the policy although demanded and requested to do so by plaintiff." Plaintiff's original petition was filed on January 25, 1959, and on February 14, 1959, the defendant filed its original answer which consisted of many exceptions and a general denial.

The defendant excepted to paragraph 7 substantially on the ground that the allegations in such paragraph were insufficient and should be stricken because no facts were alleged, and that the statements therein contained were merely a conclusion of the pleader and also specifically excepted to the allegations and the petition as a whole because "there is no specific allegation as to the requirements of the policy for giving notice or making proof of loss." In reply to the foregoing answer of defendant, plaintiff filed his first supplemental petition and to this petition he attached the original of his policy and prayed as he did in his original petition. This pleading was filed on June 3, 1959. The record does not show any orders entered by the Court on either the defendant or plaintiff's special exceptions. It appears that the case proceeded to trial on the foregoing pleadings, and that thereafter, on June 11th, after both parties had rested, the Court granted defendant's motion and permitted it to file a trial amendment in which it set out the following paragraph: "For further answer herein, if further answer be necessary, defendant says that it is not liable to the plaintiff herein in any amount because plaintiff failed to comply with the policy provisions requiring the filing of a proof of loss in the manner therein provided for." This answer was duly sworn to. Plaintiff seasonably filed his objections and exceptions to appellant's trial amendment, and in these exceptions he set out that the filing of proof of loss is a matter of defensive pleading, and must be set up as a defense pleading prior to the trial of the case on its merits; that all the facts as set out in the trial amendment were well known to defendant prior to the time of the trial of this case, and that the filing of the trial amendment and the allowance of same is an abuse of discretion of the trial Court, and that this trial amendment should be stricken. It further set out that the trial amendment was filed after both sides had rested, and that it now comes as a surprise to the plaintiff, and plaintiff objects to the filing of same

because the insurance company was asserting a new defense, and that the trial amendment came too late. Thereafter, the plaintiff filed his trial amendment on June 11th, and in this trial amendment he originally plead that appellant had waived the filing of the proof of loss. Appellee, in his brief, says: "* * * it is important to point out that the appellant took the deposition of the appellee some several months before the trial and at that time he was supplied with the Insurance Policy and had a photostatic copy of the same made and attached to the deposition. He knew at all times that no Proof of Loss had been filed, this being peculiarly within his knowledge; that he wholly failed to plead it as a defense and on the date of the trial attempted to file pleadings that set it out. The Judge refused to accept such pleadings and denied the filing of the same. The *first time* that any pleadings were filed by the Appellant setting up the defense of failure to file Proof of Loss was at the conclusion of the trial, after both sides had rested, by way of Trial Amendment."

█ It is true that the provisions of an insurance policy regarding notice and proof of loss are for the benefit of the insurer, and may be waived by it. See Walters v. Century Lloyds Ins. Company, 154 Tex. 30, 273 S.W.2d 66, at page 69, Point 3.

█ Going back to the record, plaintiff filed his suit on January 25, 1959. The insurance company filed its original answer on the 14th day of February, 1959, which answer contained many exceptions and a general denial, and did not specifically plead failure of the plaintiff to file proof of loss by plea in abatement or otherwise. See Westchester Fire Ins. Co. of New York v. Dixon, Tex.Civ.App., 7 S.W.2d 963, n. w. h. As we understand the record and statements by appellant's counsel in open court, it is to the effect that when he went to trial, he tendered a verified pleading setting up failure of plaintiff to file proof of loss, but the Court refused to let him file such pleading because of the fact that it had not been tendered within seven days of the date of trial. See Rule 63, Texas Rules of Civil Procedure. So, this cause proceeded to trial with the only defense asserted by the insurance company of a general denial. It is true that after the testimony was closed and the parties had rested that the Trial Court permitted the insurance company to file a verified plea setting up failure of the plaintiff to file proof of loss. The Court is of the view that the action of the Trial Court in permitting the insurance company to file its trial amendment after the evidence had been closed, and all the parties had rested, may have come as a surprise to the plaintiff and may have caused the plaintiff to fail to develop fully his plea that the insurance company had waived the filing of proof of loss, and since counsel for appellant had stipulated that the insurance policy was in full force and effect, and stated in oral argument that he thought that plaintiff had some loss under the policy; bearing all of the foregoing in mind and in view of the error in the Court's Charge as here pointed out, and in view of the Court's permission to let the insurance company file its pleading as to the proof of loss under the undisputed factual situation, the Court is of the view after a very careful consideration of all the facts and surrounding circumstances in this case, that the record as a whole presents error and that the ends of justice will be better served if the judgment is reversed and the cause remanded and the parties given an opportunity to try the issues on their merits under properly drawn pleadings and a corrected Charge. See Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688, Points 3 and 4. This Court being of the view that the cause must be reversed and remanded it pretermits discussion on each of the other points raised by appellant's brief because it cannot tell what the factual situation may be on another trial. Accordingly, the cause is reversed and remanded.