**COMMERCIAL STANDARD INSUR-
ANCE CO., Appellant,**

**v.**

**J. D. HUFSTEDLER TRUCK CO., Inc.
of Lubbock, Appellee.**

**No. 7924.**

Court of Civil Appeals of Texas.
Amarillo.
May 12, 1969.

Rehearing Denied June 9, 1969.

Cade & Bowlin and James O. Cade, Lubbock, for appellant.

Crenshaw, Dupree & Milam and Cecil C. Kuhne, Lubbock, for appellee.

JOY, Justice.

Suit was filed by appellee, Hufstedler Truck Co., upon a comprehensive dishonesty, disappearance and destruction policy of insurance, commonly called a fidelity bond, issued by appellant, Commercial Standard Ins. Co., and from judgment for plaintiff, defendant has appealed.

In April, 1958, the bond involved was issued to appellee and remained in force by appellee having paid premiums as they came

due. Appellee had for many years dealt with Herman Brown, a special agent or employee of appellant, whose duties were primarily to work with the independent insurance agents that actually handled the selling and writing of the policies or bonds of the appellant. Jim St. Clair was the writing agent for the appellant at all times material to this case. Herman Brown was responsible for placing the policy with the agent, Jim St. Clair. On October 29, 1966, a shortage of funds was discovered upon an audit of the books and records of appellee by a certified public accountant who customarily audited the company records. Marvin Baker, bookkeeper for appellee for approximately three years, admitted the defalcation upon being confronted on October 31, 1966, with the auditor's findings. Baker's employment was immediately terminated, and E. K. Hufstedler, president of the trucking company, notified Herman Brown on the same date by telephone and was advised that he (Brown) would handle the matter for the appellee. Brown secured a Notice of Probable Loss form and delivered it to J. D. Hufstedler, manager of the appellee trucking company, who filed the form with the appellant company. The bonding policy contained a requirement that a sworn proof of loss be filed within 100 days after discovery of the loss. Appellee failed to file the required proof of loss within the 100-day period, but filed it approximately 137 days after the loss was discovered.

In answer to special issues the jury found (1) appellee sustained a loss as a result of fraudulent or dishonest acts of Marvin H. Baker, (2) in the amount of $4,093.38, (3) appellant represented to appellee in December, 1966, or January, 1967, that if anything further needed to be done in connection with the claim, appellee would be notified, (4) appellee relied upon the representations, (5) appellee acted as the reasonably prudent person would under the circumstances, (6) but for the representations appellee would have filed proof of loss within 100 days, (7) appellant on March 15, 1967, advised appellee to file proof of loss, (8) appellee followed the advice and filed proof of loss, (9) said proof of loss substantially complied with the terms of the policy, (10) appellant waived the 100-day requirement, (11) that auditor's report furnished appellant substantially complied with the terms of the policy requiring proof of loss and (12) that within 100 days of discovery of loss, appellant had actual knowledge of all material facts regarding the loss.

■ Appellant's first point of error contends that public policy demands the prosecution of those who embezzle funds, and by reason of appellee's failure to file criminal charges against Baker, no recovery should be allowed under the policy. Appellant cites no authority for this contention and we likewise are unable to find any authorities. The terms of the policy contract do not require the filing of charges against nor prosecution of the embezzler as a prerequisite to recovery for loss sustained by fraudulent or dishonest acts by employees covered by the policy. There is no evidence that appellee knew or should have known of the illegal appropriation of funds, by the employee Baker. Appellant cites extensively 53 A.L.R. 1365–66, 12 Am.Jur. 672, Par. 174; and Stone v. Robinson, Tex. Civ.App., 203 S.W. 1132. These authorities deal with contracts or agreements against public policy by reason of being part of or all in violation of the law, or contemplating as a part of the agreement, a violation of the law. We find no analogy with the facts of this case and overrule appellant's first point.

■ Appellant's points two, three and four are in reference to the trial court's refusal to grant a motion for peremptory instruction based upon appellee's failure to file proof of loss within 100 days of discovery of the misappropriation of funds. E. K. Hufstedler testified that Brown told him, "I have always handled your bond business and will continue to handle it." Further, the evidence reflects that Notice of Probable Loss form was delivered to appellee's office by Brown. The form also contained a printed notice that sworn proof of loss was required in addition as provided in the

policy. No proof of loss form was presented to appellee until March 15, 1967. There was evidence that a number of conversations were had between appellee and employees of appellant within the 100-day period and that no mention was made of the requirement by appellant of the proof of loss form. In December, 1966, or early in January, 1967, the auditor Behner submitted a report to appellant's adjuster detailing the amount of the loss by appellee. Appellant's adjuster advised the auditor that he would let him know if there was anything else he needed in reference to the claim. Apparently the adjuster was furnished in this report all of the information that would have been furnished in a proof of loss, although the report was unsworn. We find that the evidence presented was sufficient to raise the question of waiver by appellant of strict compliance with the filing of the proof of loss as required by the policy. Walters v. Century Lloyds Insurance Co., 154 Tex. 30, 273 S.W.2d 66. Appellant's points two, three and four are overruled.

Appellant requested special issues inquiring (1) whether or not appellee filed a sworn proof of loss within 100 days of October 29, 1966 and (2) conditional issue inquiring whether appellant company did anything to prevent appellee from filing the proof of loss. The trial court refused the issues and we think properly so. It was uncontradicted that appellee did not file a sworn proof of loss within the 100-day period, therefore, it was unnecessary for the court to submit that issue to the jury. Rule 272, Texas Rules of Civil Procedure; Senn v. Strange, Tex.Civ.App., 366 S.W.2d 612, n. w. h. and Wright v. Vernon Compress Co., 156 Tex. 474, 296 S.W.2d 517. The second requested conditional issue was not a controlling issue and an answer favorable to appellant would not have supported a different judgment. Further, a careful review of the pleading does not reveal that the appellant pled the issue as a defense. Arts. 277 and 279, T.R.C.P. Appellant's point five is overruled.

Appellant's sixth point complains of the refusal of the trial court to submit its requested issue inquiring whether "Baker misappropriated any money or other thing of value belonging to the plaintiff prior to October 29, 1966." The court submitted Special Issue No. I as follows:

"Do you find * * * that between April 15, 1958, and October 29, 1966, the J. D. Hufstedler Truck Co., Inc. of Lubbock sustained a loss through any fraudulent or dishonest act of Marvin H. Baker?"

The term "loss" was then defined by the court in its charge. The issue as worded and submitted follows the language of the policy providing for the coverage against "loss of money, securities and other property * * * through any fraudulent or dishonest act or acts committed by any of the employees. * * *" The issue requested by appellant was a shade or phase of the issue actually submitted, therefore, the court did not err in refusing the requested issue. Art. 279, T.R.C.P. Appellant's sixth point is overruled.

The judgment of the trial court is affirmed.