Linda RUFF, Appellant,

v.

CHRISTIAN SERVICES OF THE SOUTHWEST, Appellee.

No. 1439.

Court of Appeals of Texas, Tyler.

Jan. 21, 1982.

Susan M. Withers, Tyler, for appellant.

Patrick G. Hubbard, Tyler, Robert Judd, Attorney ad litem, Tyler, for appellee.

McKAY, Justice.

This is a suit to terminate the parent-child relationship between appellant, Linda Sue Ruff, the mother of the child Kitty Lou Ruff, and appellee, Christian Services of the Southwest. After a jury trial a judgment terminating the parent-child relationship was rendered by the trial court, and appellee Christian Services of the Southwest was appointed managing conservator of the child. Ruff appeals.

A petition to terminate the parent-child relationship between appellant and Kitty Lou Ruff, the child, was filed on March 14, 1979. Exhibits attached, which were later introduced into evidence, indicate that on January 4, 1979, appellant executed an Affidavit of Relinquishment of Parental Rights for the child, and an affidavit and consent that termination of the parent-child relationship "is in the best interest of said child." The consent instrument recites that "I therefore, with the best interest of said child foremost in my mind, release, relinquish, surrender and divest myself of all parental rights, powers, duties and privileges in favor of Christian Services of the Southwest, a child placing agency . . . and any adoptive parent with whom my child is placed for adoption by said agency. This relinquishment is irrevocable."

In other paragraphs of the consent affidavit appellant agrees to the permanent surrender of the care, custody and parental authority of and over the child, consents to the child's adoption upon any judgment of a court of competent jurisdiction and the placement of the child for adoption by appellee, and joins with appellee in praying that the court grant appellee's petition to have the child declared dependent and neglected and to be appointed managing conservator and guardian ad litem of the child. She also declared that she was of alert mind and memory, that the consent affidavit had been explained to her, and that she had executed the document for the best interest of the child and of her own free act and deed. The consent affidavit was witnessed by two persons and sworn to before a notary public.

The record also contains a waiver, disclaimer and relinquishment by the claimed biological father of any and all interest or right in and to the child.

Appellant filed a general denial and alleged that she arranged for child care services with appellee for the child at which time she was required to execute numerous documents relevant to her child's enrollment in the child care program. She further pled that during the visit on January 4, 1979 she was not asked nor given the opportunity to read the instrument she was asked to sign, was not informed of its content nor the consequences of signing it, was not informed of her parental rights, and did not read the document nor understand what she was signing. It was further alleged that she never knowingly or voluntarily executed an affidavit of relinquishment of parental rights of her daughter because she was coerced under intense pressure by appellee's agents and employees to sign the document. She also pled fraud on the part of appellee and its employees as well as mental incompetence on her part because she had been a patient at various State mental hospitals both before and after January 4, 1979.

The jury found that appellant's signing of the irrevocable affidavit of relinquishment of her parental rights to the child was not due to duress or fraud committed against her by appellee or its agents. It further found that the best interest of the child would be served by terminating the parent-child relationship between Linda Sue Ruff and the child Kitty Lou Ruff.

The trial court made findings that appellant executed an unrevoked affidavit of relinquishment of parental rights as provided by section 15.03 of the Texas Family

Code [1]; that termination of the parent-child relationship was in the best interest of the child; that the alleged biological father executed an affidavit of waiver of interest as to the child, including a waiver of notice and of service of citation; that he had no interest whatsoever in or to the child; that he had abandoned appellant beginning at her pregnancy and continuing through birth; that he had failed to provide for appellant or the child; and that termination of the parent-child relationship of the alleged biological father was in the best interest of the child.

Judgment was rendered by the trial court that the parent-child relationship between Linda Sue Ruff and the child was terminated, and that the parent-child relationship between James Clifton Wolfe, the alleged father, and the child was terminated. We affirm.

■ Appellant contends that the trial court erred in failing to submit to the jury a single issue inquiring whether appellant executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by section 15.03 of the Texas Family Code. We do not find any record of an objection to the court's charge on this question, nor do we find any record of any requested special issue. A complaint as to an instruction or an issue shall be deemed as waived unless specifically included in an objection. Rules 272, 274, Tex.R.Civ.P. Where appellant failed to object to the charge before its submission to the jury, appellant's objection raised for the first time on appeal is too late. *Steahr v. Clark*, 535 S.W.2d 39, 40 (Tex.Civ.App.—Austin 1976, no writ).

■ Appellee's exhibit 1 was an "Affidavit of Relinquishment of Parental Right" (sic) signed by appellant, witnessed by two persons, and sworn to before a notary. It was executed on January 4, 1979, and was offered in evidence without objection. A search of the record reveals that it was undisputed that appellant executed an irrevocable affidavit of relinquishment of her parental rights. Therefore, an issue to the jury was unnecessary, and the trial court was authorized to make a finding that such affidavit was executed. *Commercial Standard Insurance Co. v. J. D. Hufstedler Truck Co.*, 443 S.W.2d 54, 56 (Tex.Civ.App.— Amarillo 1969, writ ref'd n. r. e.).

■ We agree with appellant that one of the causes for termination of parental rights listed in section 15.02(1) must be found as well as a 15.02(2) finding that termination is in the best interest of the child; however, there is no necessity to have a jury finding ·on one of the elements of 15.02(1) when such fact is undisputed. Appellant states in her brief "the evidence is uncontroverted that Appellant executed Petitioner's Exhibit # 1 which is entitled 'Affidavit of Relinquishment of Parental Rights'."

■ Appellant further asserts that Petitioner's Exhibit # 1, the affidavit of relinquishment, is incomplete because it does not comply with section 15.03(b)(7) which reads as follows:

(b) The affidavit must contain:

.　.　.　.　.

(7) one of the following as applicable:
(A) the name and address of the other parent;
(B) a statement that the parental rights of the other parent have been terminated by death or court order; or
(C) a statement that the child is not the legitimate child of the father and that an affidavit of status of child has been executed as provided by Section 15.04 of this code.

Petitioner's Exhibit # 2 was admitted without objection. It was styled "Affidavit of Status," and it stated that the father of the child was James Clifton Wolfe whose last known whereabouts was Fort Sill, Oklahoma, and that appellant was married to him at the time of conception of the child and he is the biological father, but they were divorced prior to the birth of the

---

1. Unless otherwise noted all statutory citations are to Tex.Fam.Code Ann. (Vernon 1975).

child.[2]  Such affidavit was witnessed by two persons, sworn to before a notary, and executed on the same date as the affidavit of relinquishment.  The "Affidavit of Status" was attached to appellee's pleading, and it was admitted into evidence without objection.  There was no exception to the affidavit of relinquishment because it failed to state the name and address of the father.  Even though the affidavit of relinquishment should properly have named the father with his address if known, the affidavit of status, which contained the father's name and address, attached to appellee's pleading and admitted into evidence without objection cured the complained of omission.  If there was error it was harmless.  Rule 434, Tex.R.Civ.P.

In the state of the record we perceive no error by the trial court in failing to submit to the jury whether appellant had executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by section 15.03 of the Texas Family Code.

■   The next complaint of appellant is that the trial court erred in failing to submit an issue on whether appellant executed the affidavit of relinquishment "while she was suffering from incompetence."  In the "Supplement to the Statement of Facts" an objection was made by appellant's counsel to the failure of the trial court "to include any charge concerning the issue of whether Respondent [appellant here] was competent or incompetent at the time the affidavit of relinquishment was signed."  Appellant's counsel also objected "to the failure to include in said charge any definition of the term 'incompetence'."  There was no ruling by the court in the record, but no such issue or definition was given.

■   Rule 272, Tex.R.Civ.P., states with reference to objections to the court's charge, that "It shall be presumed, unless otherwise noted in the record, that the par-

ty making such objections presented the same at the proper time...."  The record discloses in the statement of facts that the objection with reference to competency was made after the court's charge had been read to the jury.  As a result the complaint came too late, and we cannot consider the point.

In her last two points appellant contends there was error in failing to instruct the jury that its findings should be based upon the clear and convincing standard and that the evidence is insufficient to support findings on that standard.  We overrule these points for two reasons: first, they were not made in the trial court and are urged initially on appeal, and, second, the clear and convincing rule was pronounced by the Texas Supreme Court after this case was tried.

The instant case was tried February 4, 5 and 6, 1980.  The Supreme Court opinion in *In the Interest of G. M., et al.,* 596 S.W.2d 846, 847 (Tex.1980) was delivered on March 19, 1980.  In that opinion the Court said "Hereafter, the 'clear and convincing evidence' standard of proof will be required in all proceedings for involuntary termination of the parent-child relationship...."  The Supreme Court in *In re J. J., a Child,* 617 S.W.2d 188 (Tex.1981) said that the "clear and convincing" standard "would be required in future cases for involuntary termination cases."

Judgment of the trial court is affirmed.

---

**2.**  We do not pass upon the applicability or necessity of the "Affidavit of Status."  Apparently, neither appellee nor appellant knew the legal consequences of the facts surrounding the child's conception and birth.  That is, they

were unsure whether the child was legitimate or illegitimate.  Therefore, they executed an affidavit of status in case the child was not legitimate.