The WESTERN FIRE INSURANCE COMPANY, Appellant,

v.

James PITTS, Appellee.

No. 9241.

Court of Appeals of Texas, Texarkana.

Nov. 6, 1984.

Rehearing Denied Dec. 18, 1984.

Hardy Moore, Paris, for appellant.

Tom D. Wells, III, Wells & Wells, Paris, for appellee.

CORNELIUS, Chief Justice.

Western Fire Insurance Company appeals from a summary judgment entered against it in favor of James Pitts in his action upon a fire policy. Western argues that the court erred in granting Pitts' summary judgment, and also in failing to grant the summary judgment sought by Western. Because the undisputed evidence establishes a change of ownership sufficient to void the policy under its "change of ownership" condition, we reverse and render judgment that Pitts take nothing.

James Pitts married Joan Stribling in 1961. While married, Pitts and his wife purchased a home with community funds, and borrowed $5,500.00 as a community debt to finance the purchase of the home. Upon purchasing the home, James Pitts took out a fire insurance policy with Western Fire Insurance Company through its agents Mackey & Pierson. James and Joan Pitts were divorced in 1977. As a term of the divorce decree, the house they had purchased was awarded to Joan. In 1979, James Pitts complied with the property settlement, and deeded his interest in the house and property to Joan by warranty deed. Neither Mackey & Pierson nor Western ever learned of the divorce or the deeding of the property to Joan by James Pitts.

■ The insurance policy issued to James Pitts contained a clause relieving the insurance company from liability "following a change in ownership of the insured property." Such a condition is valid in Texas and will be strictly enforced. *Lowe v. Michigan Fire & Marine Ins. Co.*, 236 S.W.2d 168 (Tex.Civ.App.—Beaumont 1950, writ ref'd). *See also, Home Ins. Co. v. Brownlee*, 480 S.W.2d 491 (Tex.Civ.App.—Eastland 1972, no writ); *Bucher v. Employers Cas. Co.*, 409 S.W.2d 583 (Tex.Civ.App.—Fort Worth 1966, no writ); and *Rio Grande Nat'l Life Ins. Co. v. Hardware Dealers Mut. Fire Ins. Co.*, 209 S.W.2d 654 (Tex.Civ.App.—Amarillo 1948, writ ref'd n.r.e.). The bases for such a condition are the purpose of fire insurance, which is to indemnify against loss, and the public policy objective to eliminate incentives to arson.

Pitts admits that the warranty deed of his interest in the property to his wife was a change of ownership, but argues that the change was not a breach of the policy provision because it was not of a nature calculated to increase the motive to burn the property or to diminish the motive to guard the property against fire.

■ The proper test for determining whether there has been a change of ownership sufficient to void the policy on such facts was stated in *Walters v. Century Lloyds Ins. Co.*, 154 Tex. 30, 273 S.W.2d 66 (1954), quoting from *New Orleans Ins. Co. v. Gordon*, 68 Tex. 144, 3 S.W. 718 (1887):

> ... If there is no change in *the fact of title*, but only in *the evidence of it*, and if this latter is merely nominal, *and not of a nature calculated to increase the motive to burn*, or diminish the motive ... to guard the property from loss by fire, the policy is not violated. 273 S.W.2d 68. (Emphasis supplied).

Thus, as in *Walters*, where the owner has transferred the evidence of title but retains the beneficial title, possession, or some other interest, the change will not void the policy unless there is a showing of an increased motive to burn or diminished incentive to guard the property. *Insurance Co.*

*of N. Am. v. O'Bannon,* 109 Tex. 281, 206 S.W. 814 (1918). On the other hand, a change by which the owner has parted with both the beneficial and legal title as well as possession, is of such a nature as to diminish the motive and the opportunity to guard the property against fire, and relieves the insurer from liability pursuant to the policy provision. *Lowe v. Michigan Fire & Marine Ins. Co.,* supra.[1]

Here Pitts conveyed his entire interest in the insured property together with his possessory rights. There was thus a sufficient change of ownership to void the policy under all of the authorities stated.

The judgment is reversed and judgment is here rendered that James Pitts take nothing.

---

**1.** Cases such as *Ohio Cas. Ins. Co. v. Torres,* 157 Tex. 189, 300 S.W.2d 947 (1957) and *Duren v. U.S. Fire Ins. Co.,* 579 S.W.2d 32 (Tex.Civ.App.—Tyler 1979, no writ) are not in point because while involving a change of ownership provision in an insurance policy, they were suits by plaintiffs who were not named insureds, but were strangers to the insurance contracts. Neither is *Mercury Fire Ins. Co. v. Dunaway,* 74 S.W.2d 418 (Tex.Civ.App.—Waco 1934, writ ref'd) in point. There the conveyance of an interest in the property was *to* rather than from the named insured.